Manes *vs.* Kenyon.

No. 33.—BENJAMIN MANES, plaintiff in error, *vs.* SOLOMON H. KENYON, defendant in error.

[1.] A charge to the Jury was to this effect : that if the defendant made any representations which were untrue, and the plaintiff was induced to purchase by reason of such representations, it was not necessary to be proven that the defendant knew them to be untrue, but that he was responsible for the representations if untrue; whether he knew them to be untrue or not : *Held,* that the charge was erroneous.

Motion, in Talbot Superior Court. Decision by Judge PERKINS, March Term, 1855.

Benjamin Manes sold a negro woman, Mary, to Solomon H. Kenyon, and by his written bill of sale, warranted the negro to be " sound in body and mind, except some deficiency about her feet or ankles." Kenyon brought an action for *deceit* against Manes, for false representations as to the soundness of the negro, alleging, that from some disease of the feet and ankles, she was utterly worthless, which was well known to Manes. On the trial, it appeared that the negro was not present when the sale was made, and that Manes represented the deficiency to be trifling, when it was proven that it rendered the negro almost valueless.

The Court charged the Jury—1st. That the plaintiff had a right to bring this action, notwithstanding the written warranty ; and 2d. That if the defendant below made any representations which were untrue, and the plaintiff was induced to purchase by reason of these representations, it was not necessary to be proven that the defendant knew them to be untrue, but that he was responsible for such representations, whether he knew them to be false or not.

A motion was made for a new trial, on the ground of error in these charges.

The motion was refused and error is assigned thereon.

SMITH and POU, for plaintiffs in error.

B. HILL; PERRYMAN, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] In the case of *Chandelor vs. Lapus*, error was "brought in the Exchequer Chamber, because the declaration" contain-ed "not matter sufficient to charge the defendant, viz : *that he warranted it to be a bezoar-stone, or that he knew that it was not a bezoar-stone.*"

"And all the Justices and Barons, (besides Anderson) held, that for this cause it was error." (1. *Smith's Lead. Cases*, 77.)

This decision has been repeatedly affirmed ; as far as I know, it has never, in England, been departed from.

See *Smith's* note to *Chandelor vs. Lapus.* Of the cases af-firming this decision, the last which I have noticed, is the case of *Ormrod vs. Heeth and others*, in the Exchequer Cham-ber. (14 *M. & W.* 651.) The head-note of that case is as follows : " where cotton was sold by sample, upon a repre-sentation that the bulk corresponded with the sample, but no warranty was taken by the purchaser ; and the bulk of the cotton turned out to be of inferior quality, and to have been falsely packed, though not by the seller : *Held*, that an ac-tion on the case for a false and fraudulent representation was not maintainable, without showing that such representation was false, to the knowledge of the seller, or that he acted fraudulently or against good faith, in making it." And the opinion delivered by *Tindal*, C. J. contains this passage : "The rule which is to be derived from all the cases, appears to us to be, that where, upon the sale of goods, the purchas-er is satisfied without requiring a warranty, (which is a mat-ter for his own consideration,) he cannot recover upon a mere representation of the quality by the seller, unless he can show that the representation was bottomed on fraud. If, indeed, the representation was false, to the knowledge of the party making it, this would, in general, be conclusive evidence of fraud ; but if the representation was honestly made, and be-lieved at the time to be true by the party making it, though

not true in point of fact, we think this does not amount to fraud in law, but that the rule of *caveat emptor* applies, and the representation, itself, does not furnish a ground of action. And although the cases may, in appearance, raise some difference as to the effect of a false assertion or representation of *title* in the seller, it will be found, on examination, that in each of those cases, there was either an assertion of title embodied in the contract or a representation of title, which was false to the knowledge of the seller."

[1.] If these decisions are evidence of what the law is, and we think they are, one of the charges of the Court below was wrong, viz : this, that if the defendant (below) made any representations which were untrue, and the plaintiff (below) was induced to purchase by reason of these representations, it was not necessary to be proven that the defendant knew them to be untrue, but that he was responsible for such representations, whether he knew them to be false or not.

We understand the other charge of the Court to mean no more than this: that because there is a written warranty, it does not necessarily follow that there may not be an action of deceit. The charge is, doubtless, so general that it might mislead ; if the Court meant, by it, no more than what would be authorized by *Baglehole vs. Watters*, (3 *Campbell*,) and *Pickering vs. Dawson*, (4 *Taunt.* 785–'6) then we think it was all well enough. And see *Dickson vs. Zizinia* (2 *Eng. Law and Eq.* 314.) A written warranty, is not a protection to the seller against a fraud on his part.