J. A. WILLIAMS, APPELLANT, vs. J. H. McFADDEN, AP-
PELLEE.

1. A misrepresentation made by a vendor of real estate, as to a mate-
rial fact, knowing at the time that it was untrue, upon which
statement the purchaser relies, is actionable.

2. A statement made by the vendor, which is tantamount to an esti-
mate or opinion of the value, condition, character, adaptability
to certain uses, &c., of such real estate, is not actionable unless
the seller resorts to some fraudulent means to prevent the pur-
chaser from examining the property.

3. A declaration in an action of deceit for false representations con-
cerning real estate should state distinctly that such representa-
tions were false, that they were known to be false by the ven-
dor, that the purchaser relied on· and was misled by them, and
that they were representations of material facts.

4. The rule for the assessment of damages in an action for deceit, for
false representations concerning real estate, is the difference be-
tween the actual value of the land and its value if the alleged
facts regarding it had been true.

5. The fact that the vendee took possession of the land and had other
transactions with the defendant without expressing dissatisfac-
tion does not estop him from bringing an action for deceit.

6. A written description of land made by the vendor and placed in the
hands of his agent, and to which he refers the vendee before sale,
is properly admitted in evidence as a representation concerning
said land.

7. If the representations made by the vendor, though false, were be-
lieved to be true by such vendor, he cannot be held· responsible
in this form of action.

8. The fact of knowledge of the vendor as to the truth or falsity of his
representations is a question for the jury to determine.

Appeal from the Circuit Court for Alachua county.

The facts of the case are stated in the opinion.

*Taylor & Sanchez* for Appellant.

*J. J. & S. Y. Finley*, for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

The appellee sued the appellant in an action on the case upon the following facts as alleged in the declaration : The defendant, Williams, was the owner of a farm in the State of Florida. The appellee, McFadden, was the owner of a farm in the State of Kentucky ; Williams had seen and examined the farm of McFadden, in Kentucky ; McFadden had never seen the farm of Williams ; Williams made a description of his farm in writing, and placed it in the hands of his agent and referred McFadden to it as a correct description of the property. The description is as follows : "Pooser farm," "40 acres land, 30 acres in cultivation. Dwelling house with six rooms and four (4) fire places ; house thoroughly finished and in good condition. Barns, stables, &c., complete and ample for general purposes in Florida ; about 100 orange trees in bearing in the yard around the dwelling ; grape fruit and bananas in full bearing ; lemons, citrons, pecans, pomegranates, peach and apple trees growing upon the place, some bearing and others to bear ; about 500 young orange trees in nursery from two to six years old, ready to be put in ground ; two fine springs of good water in the field ; good well in yard ; projected railroad line runs through horse lot. Quality of land good, oak and hickory, produces 15 bushels corn, and 500 pounds sea island cotton, to the acre without the use of fertilizers. This yield could be doubled by the liberal use of fertilizers. One mile from church and two miles from school ; location healthy and society good." The declaration alleges that, believing the statements therein contained to be true, he made an exchange of his farm in Kentucky for defendant's farm in Florida, receiving at the time from defendant five hundred dollars, which was the

agreed difference of value of the two places. The declaration alleges that defendant knowingly and wilfully misrepresented and misdescribed said Florida land. That said representations were untrue " in respect to the number and character of the orange trees, and in regard to the dwelling house, and in regard to the character of the land." The defendant demurred to the declaration. We think the demurrer should have been sustained. In the case of Parker vs. Molton, 114 Mass., 99, the court says : " The cause of action thus set forth must be treated as an action on the case for deceit, founded upon false affirmations respecting real estate of which the defendant was the seller. The affirmations here set forth as between buyer and seller, it has been repeatedly decided, will not support an action, although the defendant knew them to be false when made. They concern the value of the land or its condition and adaptation to particular uses, which are only matters of opinion and estimate as to which men may differ. To such representations the maxim *caveat emptor* applies. The buyer is not excused from an examination, unless he be fraudulently induced to forebear inquiries which he would otherwise have made. If fraud of this latter description is relied on as an additional ground of action it must be specifically set forth in the declaration, and cannot be charged in general terms only," citing Gordon vs. Parmelee, 2 Allen, 212; Brown vs. Castley, 11 Cush., 348; Vesey vs. Daton, 3 Allen, 380. In the case of Gordon vs· Parmelee, *supra*, the court says : " The alleged false statements concerning the productiveness of the land and its capacity to furnish support for cattle constituted no defence to the notes. They fall within that class of affirmations which, although known by the party making them to be false, do not, as between vendor and vendee, afford

11

any ground for a claim of damages, either in an action on the case for deceit, or by way of recoupment in a suit to recover the purchase money. They come within the principle embodied in the maxim of the civil law, *simplex commendatio non obligat.* Assertions concerning the value of property which is the subject of a contract of sale, or in regard to its qualities and characteristics, are the usual and ordinary means adopted by sellers to obtain a high price, and are always understood as affording to buyers no ground for omitting to make inquiries for the purpose of ascertaining the real condition of the property. Affirmations concerning the value of land, or its adaptation to a particular mode of culture, or the capacity of the soil to produce crops or support cattle, are, after all, only expressions of opinion or estimates founded on judgment, about which honest men might well differ materially. Although they might turn out to be erroneous or false, they furnish no evidence of any fraudulent intent. They relate to matters which are not peculiarly within the knowlege of the vendor and do not involve any inquiry into facts which third persons might be unwilling to disclose. They are strictly speaking *gratis dicta.* The vendee cannot safely place any confidence in them ; and if he does, he cannot make use of his own want of vigilance and care in omitting to ascertain whether they were true or false as the basis of his claim for damages in reduction of the amount which he agreed to pay for the property."

" To entitle a party to maintain an action for deceit by means of false representations, he must, among other things, show that the defendant made false and fraudulent assertions in regard to some fact or facts material to the transaction in which he was defrauded, by means of which he was induced to enter into it. The misrepresentation must relate to alleged facts, or to the condition of things as then

existent. It is not every misrepresentation, relating to the subject matter of the contract, which will render it void or enable the aggrieved party to maintain an action for deceit. It must be as to matters of fact, substantially affecting his interests, not as to matters of opinion, judgment, probability or expectation." Sutherland on Damages, vol. 3, pp. 484, 485 ; Long vs. Woodman, 58 Me., 49. The law, we think, is correctly stated in the cases cited above. A misrepresentation made by a seller as to a material fact, knowing at the time that it was untrue, upon which the purchaser relies, is actionable. A statement made by the vendor which is tantamount to an estimate or opinion such as value, condition, character, adaptability to certain uses, * * * is not actionable unless the seller resorts to some fraudulent means to prevent the purchaser from examining the property. We have examined the various cases in the brief of the appellee, some of which decide that where representations are made by the seller as to matter of opinion of property, which is situated in another State hundreds of miles away, and of which a personal examination by the purchaser would be inconvenient and expensive, are exceptions to the last rule, the courts holding that under such circumstances the purchaser was guilty of no negligence in not examining the land, and relying on the statements of the seller. These are mostly recent cases and limit the application of the doctrine of *caveat emptor* to transactions where the examination of the land would suit the convenience of the purchaser and was not attended with expense. This salutary rule cannot in our judgment be abridged in such a manner without a violation of old and well established principles of law. Some of the other cases cited by appellee very plainly lose sight of the distinction between statements of fact and mere opinions. When a seller asserts the existence of a

fact there is no room for the exercise of judgment—observation and memory being the only faculties employed. A misstatement by him can be easily detected. The law permits a purchaser to rely on such statements for the reason that the existence or non-existence of the alleged facts, being easily susceptible of proof, furnish a test of the good faith of the seller. On the contrary, human opinion is so various and discordant, and what it really is so difficult of proof, that the law permits great latitude of statements which are properly traceable to it. We do not mean to say that there are not statements professedly of opinion as to the number of certain things sold, which when grossly erroneous would repel the conclusion that it was a matter of opinion and would amount to a statement of fact. The representations which plaintiff alleges to be untrue are: 1st. " As to the number and character of the orange trees." This is not sufficiently definite. If the plaintiff claims that the number of orange trees in the first description of orange trees in the advertisement was so small in comparison with the number alleged by defendant that it was plain that the defendant was making a gross misstatement of a fact, and that it was impossible for him to have entertained the opinion as to the number, the declaration should have stated the exact number. Again, the allegation as to the " character of the orange trees." This, as stated, would be matter of opinion. If the plaintiff meant that they were not " bearing trees," he should have so alleged. The assertion that a tree is bearing is an assertion of fact. The remaining allegations " in regard to the dwelling house," and in regard to the " character of the land," are extremely vague and do not show that the alleged untrue representations as to them were representations of fact. As the case must be reversed we think it not improper to express our views as to those questions which may arise in another trial.

We think the true rule of damages in case of a verdict for plaintiff is the difference between the actual value of the Pooser place, and its value if the alleged facts regarding it had been true. The defendant is to make good his representations of fact as though he had given a warranty to that effect. Sutherland on Damages, vol. 3, p. 589; Benton vs. Pratt, 2 Wendell, 385. This rule makes the recovery exactly commensurate with the injury. Sutherland on Damages, vol. 3, p. 590. The fact that the plaintiff took possession of the land, and had other transactions with the defendant without expressing dissatisfaction, does not estop him from bringing an action for deceit. When the vendee in a sale vitiated by fraud affirms the contract, he is not left without remedy for he may still have recourse to an action on the case for deceit, and recover damages for whatever loss he may have sustained from being led into a disadvantageous purchase by willful misstatements of the vendor. Harrington vs. Stratton, 22 Pick., 510; Smith's Leading Cases, vol. 1, p. 253.

The paper introduced in evidence above quoted as to the Pooser place, if the defendant had referred plaintiff to it as a correct description of the land, was properly admitted.

The gist of the action for deceit is that the defendant made false representations, knowing them to be untrue. It naturally follows that if the representations, though false, were believed to be true by the vendor, that he could not be held responsible in this form of action. The fact of knowledge of the defendant as to the truth or falsity of his representations is for the jury. Manes vs. Kenyon, 18 Ga., 291; Ormrod vs. Huth, 14 M. & W., Exchequer, 651.

The judgment is reversed with leave to the plaintiff to amend his declaration.