WEST FLORIDA LAND COMPANY, A CORPORATION, APPELLANT, VS. SOLOMON STUDEBAKER, APPELLEE.

1. That an action at law for fraud and deceit in the sale of lands can be maintained in this State, is settled by the case of *Williams vs. McFadden*, 23 *Fla.* 143, 1 *South. Rep.* 618.

2. In a suit against a corporation for fraud and deceit in the sale of lands, an allegation in the declaration that the defendant made the fraudulent representations upon which suit is brought through its agent, does not make the declaration, for that reason, demurrable.

3. Principals, whether individuals or corporations, are as a rule, although not *criminaliter*, yet *civiliter*, liable to third parties for the fraud and deceit of their agents, when committed in the course of their principals' business.

4. The plea of not guilty is a proper one under our statute for actions sounding in tort for fraud and deceit in the sale of land.

5. A newspaper advertisement made by the agent of defendant in an action for fraud and deceit, not containing the same representations that are sued upon, but containing other statements, some of which are mere expressions of opinion, while others are statements of fact, and such statements are not contradicted by any evidence offered, and are not so highly improbable as to import wilful fraud and misrepresentation upon the face of them, is irrelevant to the issues upon trial, and should have been excluded from the jury upon objection for irrelevancy.

6. In cases of fraud, large latitude is allowed in the admission of evidence, and where fraud in the purchase or sale of property is in issue, other frauds of like character, committed by the same parties at or near the same time, are admissible. The admissibility of such evidence is placed on the ground that where transactions of a similar character, executed by the

same parties, are closely connected in time, the inference is reasonable that they proceed from the same motive.

7. In order to recover in an action for fraud and deceit in the sale of land, the plaintiff should show what he lost thereby; and where he retains the land purchased he should prove the value thereof, to be deducted from the general amount of the recovery. This value should be fixed approximately of the date of the plaintiff's coming into possession of the land. Where the evidence wholly fails to fix the actual value of the land, or the time at which assessments of value of the same were made, it is too uncertain and indefinite to form the basis of an estimate by the jury of the damages suffered by the plaintiff.

Appeal from the Circuit Court for Holmes county.

### STATEMENT.

The action was for fraud and deceit in the sale of lands, brought in the Circuit Court by appellee against the appellant. The declaration alleged "that the defendants by their agent, Dr. J. W. Chiles, did in the town of West Milton, Ohio, on the ——— day of May, A. D. 1888, sell to plaintiff the following described lands, namely: the south-west quarter (S. W. ¼) section No. thirty-three (33), township five (5), north of range fourteen (14) west, containing one hundred and sixty (160) acres by government survey; said above described lands being located and situated near the town of Bonifay, in the county of Holmes, State of Florida, for which plaintiff agreed to pay the sum total of twelve hundred dollars; that subsequent to said purchase of said land of defendant, only a few days thereafter, namely, on the 18th day of May, 1888, he paid to the defendant's said agent four hundred dollars cash, and gave his two certain promissory notes for four hundred dollars each, making the sum of twelve hundred dollars, the amount which he had promised to pay for said land; said notes maturing,

one in twelve months from date, and one in twenty-four months from date, each bearing — per cent. interest per annum. At the same time of making and delivery of said notes he made and executed a mortgage on said described land to secure the payment of said notes subsequently to the payment of the said four hundred dollars, and the making and delivering of the said two promissory notes and mortgage. The said defendant by their said agent delivered a deed to said described land. That at the time and before he purchased said lands of defendants, their said agent, Dr. J. W. Chiles, represented to plaintiff that Bonifay, a town in the aforesaid county and State, was a thrifty town of several hundred people, and the county seat of Holmes county, Florida, and that this land was situated on the public highway road leading out of said town by the court house, and only one mile, and the said land was covered with a heavy growth of black walnut, red cedar, white holly, cypress, oak, and large heavy pine timber, and the timber on said land had never been cut, but was in its virgin state, and that the timber was all valuable and that he could find ready sale in Bonifay as aforesaid for said timber, and that he could easily and readily sell the pine timber for more than enough to more than pay for one-half the defendants asked for the land; that the pine timber on said land was large and valuable, and that there was a great quantity of it, and that he could sell this heavy pine timber alone for more than enough to pay one-half of the amount they asked for said land. That relying upon those representations made by defendant's said agent, he was induced to purchase of defendants these said described lands, and to pay four hundred dollars cash, and to give his two certain promissory notes and mortgage aforesaid; that said

land was situated a great distance from said plaintiff at the time he made said purchase, he being at the time a resident of the State of Ohio, and several hundred miles from said land, and that it would have been inconvenient and expensive for him to have given the said land a personal examination before purchasing; that all of said representations as to Bonifay being a thrifty town of several hundred people, and the county seat of Holmes county, Florida, and that said described land was situated one mile from town on a public highway road leading out of said town by the court house, and that the land was covered with heavy growth of black walnut, red cedar, white holly, cypress, oak and heavy pine timber, and that the timber on said land had never been cut, but was in its virgin state, and that the timber was all valuable, and he could find ready sale in Bonifay for said timber, and that he could sell the pine timber for enough to more than pay one-half the amount they asked for said land; that the pine timber on said land was large and valuable, and that there was a great quantity of it, and that he could sell this heavy pine timber alone readily for more than enough to pay one-half of the amount of price asked for said land, was untrue and basely false, and that they were known to be untrue and false at the time they were made by defendant's said agent; that plaintiff relied on and was induced by these said representations, and that said representations were of material facts, therefore by reason of said false and untrue representations, which induced plaintiff to purchase said land, he had been damaged in the sum of twelve hundred dollars, and brings this suit and claims of defendant the sum of twelve hundred dollars.

To this declaration a demurrer was filed upon three grounds, *viz:* (1) vagueness and uncertainty, (2) failing to state a cause of action, (3) in the name of the agent, and not the principal. This demurrer being overruled, the defendant plead to the declaration, that they sold the lands mentioned in said declaration; said plaintiff desired to buy the lands for farming purposes. That these defendants did not by themselves or by their agent make the representations as to timber upon said land as set forth in said declaration. That such statements are untrue, and plaintiff was not damaged as alleged in said declaration. A demurrer to this plea was sustained, and the plaintiff filed amended pleas, that the plaintiff was not induced to buy the land mentioned in said declaration by representations made by the defendants about the timber growing upon said land, and that they are not guilty as alleged in plaintiff's declaration. A demurrer to the amended plea was also sustained, and the defendant plead further, as follows: 1st. That they did sell the land as stated in plaintiff's declaration, and that said land was worth the amount the plaintiff agreed to pay. 2nd. That the defendant did not make the representations mentioned in plaintiff's declaration as to the land having timber growing upon it, except pine timber; that no representations were made by this defendant as to a growth of black walnut, red cedar, white holly, cypress and oak, mentioned in plaintiff's declaration. 3d. That no representations were made that the town of Bonifay was the county seat of Holmes county at the time of making the sale of land mentioned in plaintiff's declaration as alleged in plaintiff's declaration. 4th. That the plaintiff long after he had executed the notes and mortgage to secure the payment of the purchase money of the land, expressed himself

as well pleased, and wrote to certain papers encouraging others to come to this country; that he was highly pleased; that this was after he had taken possession of said land mentioned in plaintiff's declaration. 5th. The defendant for further plea says the plaintiff was not induced to buy said land by reason of representations as alleged in plaintiff's declaration, and plaintiff was not damaged as alleged.

Upon this last set of pleas issue was joined, a trial had, with verdict for the plaintiff for $980; whereupon the plaintiff entered a *remittitur* for $56, and accepted a judgment for $928 (?) and judgment against defendant was accordingly. A motion for new trial being overruled, defendant appealed.

Certain matters transpiring upon the trial, as shown by the bill of exceptions, are mentioned in the opinion of the court.

*Daniel Campbell*, for Appellant.

*W. O. Butler*, for Appellee.

LIDDON, J.:

The assignments of error which are argued, and a consideration of which seem necessary, are the first, third, sixth and eighth.

The first assignment of error is predicated upon the overruling of defendant's demurrer to the declaration. The only argument against the declaration is, that it states a matter in which relief could only be obtained in a court of chancery. That misrepresentations of the character stated in the declaration are actionable at law, is settled in this State by the case of Williams vs. McFadden, 23 Fla. 143, 1 South. Rep. 613. The

allegations that the representations were made by defendant through its agent, does not make the defendant corporation less liable to the action. Principals, whether individuals or corporations, are, as a rule, although not *criminatiter*, yet *civiliter*, liable to third parties for the fraud and deceit of their agents when committed in the course of their principals' business. Wheeler vs. Baars, 33 Fla. 696, 15 South. Rep. 584; 1 Am. & Eng. Ency. of Law, p. 417, and authorities cited in note. The declaration under consideration is not so precise and exact as the forms found in the common law pleading in like cases, in that it does not specifically negative the truth of each alleged false misrepresentation. It seems, however, to be modelled upon the requisites of a declaration in such cases, as stated in Williams vs. McFadden, *supra*, and substantially alleges the falsity of the alleged misrepresentations, and we think is sufficient.

The appellant seems in his brief to mistake his second assignment for the third. We consider the argument as applying to the third assignment. The first amended pleas, to which the demurrer was sustained, were not numbered, and not separated as distinctly as the statute requires, but the latter part of it was clearly a "plea of not guilty." This was not an action on contract, but for fraud and deceit, independent of the contract sounding in tort, and the plea was a proper one under our statute (sec. 50, p. 824 McClellan's Digest; Rev. Stats. of Fla., sec. 1076). The effect of such a plea is prescribed in Circuit Court Common Law Rule 71. It was error to sustain the demurrer to this plea.

Issue having been joined and trial had upon the set of pleas last filed, there having been no demurrer to the same, or any ruling thereon to which our attention

has been directed, we are not called upon to pass upon the legal sufficiency of these pleas. To save future litigation and trouble for the parties as well as the courts, we think it not improper to suggest to the parties that they again examine their pleas and see whether they have not gone to trial upon pleas that present immaterial issues in the case.

Upon the trial the plaintiff offered in evidence an article which had been published in a newspaper at West Milton, Ohio, by Dr. Chiles, the defendant's agent, and by whom the misrepresentations sued upon were alleged to have been made. This article was an advertisement of the lands for which the said Chiles was agent. It does not contain any of the said representations about said lands which are alleged in the declaration to have been made by him, but contains other statements, some of which are perhaps mere expressions of opinion, which are never considered as fraudulent so as to be actionable, while others are statements of fact. It is stated in said article that he invites the reader "to the healthiest and most delightful climate under the sun;" that it was "the country for them and their families;" that they could "raise more there from twenty acres with less labor than from one hundred and sixty acres" in Ohio; that they could "pasture stock the year round and save expense of feeding;" could get "from two to three crops of farm produce each year;" could get "good prices and good markets;" "fruits of all kinds," and "vegetables every month in the year." The advertisement further stated that there was "no such thing as malaria or fevers of any kind;" that "the water is pure, soft, sweet and plenty of it; no mosquitoes, and but few common flies;" "no snakes," and other like representations. There is in the record no evidence contradicting these special

representations.  They give a very glowing descrip-
tion of the country, but we do not think they are so
highly improbable upon the face of them as to import
wilful fraud or misrepresentation.   When the article
was offered in evidence it was objected to upon the
ground of irrelevancy.   The plaintiff made no state-
ment as to his intention to demonstrate the relevancy
of the representations by showing their falsity by fur-
ther proof in the case.   In cases of fraud large latitude
is allowed in the admission of evidence, and that where
fraud in the purchase or sale of property is in issue,
other frauds of like character committed by the same
parties at or near the same time are admissible.   The
admissibility of such evidence "is placed on the ground
that where transactions of a similar character, exe-
cuted by the same parties, are closely connected in
time, the inference is reasonable that they proceed
from the same motive."   Lincoln vs. Claflin, 7 Wall.
132; Butler vs. Watkins, 13 Wall. 456; Castle vs. Bul-
lard, 23 How. 172, and cases collated in note, 8 Am.
& Eng. Ency. of Law, 655.   As the statements in the
newspaper article do not of themselves import fraud
upon the face of them, and as there is no proof in the
case to show that they were false and fraudulent rep-
resentations, they are not included within the princi-
ples stated, but were irrelevant to the issues of the
case, and, under the circumstances stated, should have
been excluded as irrelevant.

The defendant moved for a new trial upon the
grounds, among others, that the verdict of the jury
was contrary to the weight of the evidence, and that
the damages were not proven on the trial.   In order to
recover, the plaintiff must show what he lost by the
defendant's deceit and fraud, and the value of the land
which he retalns, to be deducted from the general

amount of the recovery. This value should be fixed approximately of the date of the coming into possession of the land by the plaintiff. As there is to be a new trial, we do not comment further upon the evidence than to say that upon this point it was very meagre and uncertain. Three witnesses were examined as to the value of the land. The evidence tends to show that "it was the poorest land in the whole country;" that "there had been good pine on the land, but it had been cut off;" that it was "average piney woods land." Two of the witnesses stated emphatically that they did not know the value of the land. Williams the tax collector, testified, without objection, that the commissioners assessed the land at $1.25 per acre, but did not state for what year. Two years had intervened between the date of the alleged false representations sued upon. It does not appear that the assessment by the commissioners was not made for the year in which the trial was held, nor whether the land was worth more or less than two years before. This evidence was entirely too uncertain and indefinite to form the basis of an estimate by the jury of the damages suffered by the plaintiff. A new trial should have been granted.

There is some difficulty in this case as to the proper measure of damages. From the record it appears that the plaintiff bought the land over which the controversy arises, for $1,200, of which amount he paid $400 in cash, and gave two interest bearing notes for $400 each for the balance, due respectively in one and two years. At the time of bringing the action one of these notes was overdue, and the other likewise became overdue before the trial of the case. There is no positive evidence whether these notes were paid or not. They were not offered in the case by way of recoupment, in

mitigation of damages, or otherwise. Neither does it appear whether they are in the hands of the defendant, the original holder, or have been transferred to some other party. The plaintiff does not offer to rescind the contract, or to surrender the land purchased, but still retains the same, and seeks to recover damages for the tort practiced upon him. We do not think his failure to pay the purchase money in full bars his right of recovery. Applebee vs. Rumery, 28 Ill. 280; Weaver vs. Shriver, 79 Md. 530, 30 Atl. Rep. 189. In Williams vs. McFadden, 23 Fla. 143, 1 South. Rep. 618, it is stated that "the rule for assessment of damages in an action of deceit for false representations concerning real estate is the difference between the actual value of the land, and its value if the alleged facts regarding it had been true. As already stated, there was no proof of the actual value of the land at the time of plaintiff's purchase of the same, and no proof of what its value would have been if the representations had been true, otherwise than is indicated by the purcase price agreed, which is said to be strong, but not conclusive, evidence of the value of the property as represented. Page vs. Parker, 40 N. H. 47. A great many decisions hold the same rule as to the measure of damages as announced in Williams vs. McFadden, *supra*. In all of the cases, however, which we have examined (and we have examined a great number of them), the facts were that the purchase price of the land had been paid in full. Owing to the imperfect manner in which the facts of this case have been presented, we do not feel called upon to express an opinion as to the rule for measure of damages where the purchase price of the land had been only partially paid, and whether or not it would be the same announced in Williams vs. McFadden, *supra*.

For the errors pointed out the judgment of the Circuit Court is reversed and a new trial awarded.