MATHEWS, Justice.
This is an appeal from a final decree in a suit for specific performance of a contract containing an option to sell. The contract had reference to a going concern (a hardware business) and an option to sell Lots 1 and 2, Block K, Spring Hill Subdivision, and all equipment now or heretofore located on said location. The contract was signed by the husband alone and it developed that the husband owned Lot 1 and and an undivided one-half interest in Lot 2, and the wife owned an undivided interest in Lot 2. After both parties had died, the lessees tendered to the legal representatives of the deceased parties all money due under the contract and requested specific performance. It was alleged that valuable improvements had been made upon the property with the full knowledge, consent and approval of the deceased husband and wife. It developed that specific performance cannot be enforced as to the undivided one-half interest of Lot 2 owned 'by the wife. In the bill of complaint specific performance was prayed for as to Lot 1 and the undivided one-half interest in Lot 2, and other relief as to the undivided one-half interest in Lot 2 owned by the deceased wife.
The case was heard and all testimony taken before the Chancellor personally. In the final decree the Court made findings of fact which included a finding that the reasonable value of improvements on the undivided one-half interest of the deceased wife amounted to $1,253.73 and that such improvements were made with the consent, approval, acquiescence and full knowledge of the deceased wife and that the then vendees should be reimbursed in the said amount. The decree then ordered the legal representatives of the deceased to execute deeds to the appellees for Lot 1 and the undivided one-half interest in and to Lot 2, and the personal property thereon, together with the business located thereon. The appellees were allowed an abatement of the purchase price in the sum of $3,750 because of the inability of the legal representatives to convey the title to the undivided one-half interest of the deceased wife.
We have examined the record, briefs and heard argument of counsel. It is a case where peculiar equities are involved. In such a case a suit for specific performance was proper, even though complete specific performance could not be enforced.
In the case of Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45 So. 574, 579, 16 L.R.A.,N.S., 307, this Court said:
“Where a court of equity properly acquires jurisdiction of a cause to enforce specific performance of a contract, the court will proceed to administer' complete justice by granting appropriate process and by adjudicating all matters properly presented and involved in the case. Injunctions may *783 be granted upon proper showing, and damages awarded, when necessary to complete justice in the case. See Lyle v. Addicks, 62 N.J.Eq. 123, 49 A. 1121; Worrall v. Munn, 38 N.Y. 137; Schmidtz v. Louisville & N. R. Co., 101 Ky. 441, 41 S.W. 1015, 38 L.R.A. 809; 2 High on Injunctions (7th Ed.) § 1120 et seq.”
See also La Mar v. Lechlider, 135 Fla. 703, 185 So. 833.
Reversible error has not been made to appear, and the decree of the Chancellor appealed from, be and the same is hereby
Affirmed.
ROBERTS, O. J., and TERRELL and SEBRING, JJ., concur.