284 So.2d 465 (1973)
James H. BLACK and Patricia Ann Black, His Wife, Appellants,
v.
Robert B. CLIFTON and Phyllis K. Clifton, His Wife, Appellees.
No. 73-106.
District Court of Appeal of Florida, Fourth District.
November 2, 1973.
*466 Charles M. Rieders, of Vocelle, Harris & Rieders, Merritt Island, for appellants.
John Minot, of Shepard, Shepard & Minot, Cocoa, for appellees.
WALDEN, Judge.
This is a specific performance problem. It arose out of a written contract to sell real estate. The problem-causing provision found therein was "Seller convenants and warrants, (1) that there is ingress and egress to said property over public roads; ..."
It developed that the defendants-sellers did not own and could not deliver such public road access and same was available, at best, only by private easement. Regardless, with this back drop, the purchasers under the contract, as plaintiffs, sued the sellers for specific performance. Specific performance was denied. Purchasers appeal. We reverse.
The implicit and underlying dispositive question has to do with the right belonging to the vendee to compel vendor to perform his contract to the extent of his ability. See generally 29A Fla.Jur., Specific Performance § 83 et seq. Where a seller can not convey all of the lands he contracted to convey or where the quality of his title does not meet the contract standard and can not be remedied, nevertheless the buyer is entitled to specific performance of the contract for as much of the property as the vendor can convey or of the quality of title that he possesses, subject to an abatement in the purchase price because of such default or deficiency. Rose v. Henderson, Fla. 1912, 63 Fla. 564, 59 So. 138; Brown v. Griffin, Fla. 1954, 75 So.2d 781. The contract in question was complete, clear and unambiguous on its face and was not a proper subject for the admission of parol evidence to explain or vary it. Rothstein v. Forty-Five, Twenty-Five, Inc., Fla.App. 1962, 145 So.2d 565.
In short the purchasers here, having chosen to accept the fact that there was no ingress or egress to the property over public roads, were entitled to specific performance and conveyance of the property to them with an appropriate abatement in the purchase price because of this deficiency and the fact that the property was only reachable by easement. Rose v. Henderson, supra; Brown v. Griffin, supra; Presley v. Worthington, Fla. 1951, 53 So.2d 714. The sellers should not be heard to deny their contract and to escape performance by reason of their own deficiency and inability to perform as they promised. Triplett v. Brevard Properties, Inc., Fla. 1927, 94 Fla. 869, 115 So. 534.
The appealed judgment is reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.
OWEN, C.J. and MAGER, J., concur.