406 So.2d 507 (1981)
AMERICAN REALEQUITIES, LTD., a Bahamian Corporation, Appellant,
v.
ALM INVESTMENT CORPORATION, a Pan American Corporation Organized under the Laws of the State of Florida to Do Business in the State of Florida, Appellee.
No. 80-1548.
District Court of Appeal of Florida, Third District.
November 3, 1981.
Hall & Hauser and Andrew C. Hall and Richard F. O'Brien, III, Miami, for appellant.
William A. Meadows, Jr., and Lewis D. Milledge, Jr., South Miami, for appellee.
Before BARKDULL and BASKIN and DANIEL S. PEARSON, JJ.
BARKDULL, Judge.
Defendant/counter-plaintiff, American Realequities, Ltd. (American), appeals from a final judgment denying its counterclaim for specific performance of a contract with plaintiff/counter-defendant, ALM Investment Corp. (ALM).
ALM and American entered into a contract under which ALM agreed to sell to *508 American certain property for a purchase price of $530,000.00. American made a $25,000.00 deposit, which was placed in an escrow account with ALM's attorney. Several months after this contract was entered into, ALM brought an action against American contending that American was in breach of the contract and seeking the forfeiture of the $25,000.00 deposit (as provided for under the forfeiture clause of the contract). American responded by counterclaiming against ALM, seeking a declaratory decree with regard to its rights under the contract. American contended that it was not in breach and that it was entitled to specific performance from ALM.
At the non-jury trial, three issues were in dispute: (1) Whether American was entitled to an adjustment of the purchase price by a reduction of $63,000.00 because the property conveyed was 4.41 acres in size, as opposed to the contract description of the property as "... consisting of approximately five acres more or less." (2) Whether ALM was in breach of those paragraphs of the contract requiring there be "... no building moratorium of any kind affecting the subject property and there shall be no restriction as to the availability of building permits on the property." (3) Whether ALM was guilty of fraud in connection with the non-disclosure of material information (concerning the need of a $150,000.00 lift station to provide adequate water and sewerage for the property).
In its final judgment, the trial court found that the sale was one "in gross" and not a "sale per acre", and also that there was a non-disclosure by ALM of a material fact (with regard to the requirement of a lift station). The court went on to find that it would be inappropriate for it to order specific performance and to require either party to construct the lift station. Accordingly, the court refused to grant specific performance or, alternatively, damages. The court thereupon declared the contract null and void and directed ALM to return the $25,000.00 held in escrow to American. Finally, the court ordered each party to bear its own legal fees and costs. This appeal by American resulted.
We affirm as to the determination that the sale was in gross and not per acre. The contract indicated that it was five acres "more or less". The testimony establishes that the purchaser was more interested in the number of units that could be constructed on the site than as to the gross acreage. Therefore, finding evidence to support the trial court's determination that the sale was in gross it will not be disturbed. Manufacturers National Bank of Hialeah v. Canmont International, Inc., 322 So.2d 565 (Fla. 3d DCA 1975); Wilson v. Wilson, 210 So.2d 732 (Fla. 1st DCA 1968); Prudential Insurance Company of America v. Latham, 207 So.2d 733 (Fla. 3d DCA 1968); M.D. Barrineau v. B&F Auto Parts, Inc., 191 So.2d 53 (Fla. 1st DCA 1966).
We reverse the remainder of the final judgment, with directions as hereinafter set forth.
Notwithstanding the fact that there was a material misrepresentation (which was found by the trial court), the purchaser had a right to affirm the contract and take the property rather than seek a rescission. Black v. Clifton, 284 So.2d 465 (Fla. 4th DCA 1973); Firstbrook v. Buzbee, 101 Fla. 876, 132 So. 673 (1931); Triplett v. Brevard Properties, Inc., 94 Fla. 869, 115 So. 534 (1927). This was the relief sought and he should be accorded a decree requiring the seller to convey in accordance with the terms and conditions of the contract. The purchaser has a right, under the circumstances, to seek specific performance of a land contract and to seek damages for the material misrepresentation. Black v. Clifton, supra; Brown v. Griffin, 75 So.2d 781 (Fla. 1954); Firstbrook v. Buzbee, supra; Williams v. McFadden, 23 Fla. 143, 1 So. 618 (1887). The contract provided that any party having to bring an action to enforce its provisions should be entitled to attorney's fees and costs.[1]
*509 Upon remand, the trial court shall not only take evidence as to the amount of damages suffered by the purchaser because of the material misrepresentation and reduce the purchase price accordingly,[2] but shall also receive evidence as to the amount of attorney's fees which the purchaser should receive for representation both in the trial court and for services rendered in this court.
Reversed and remanded, with directions.
NOTES
[1] "P. Attorney Fees and Costs: In connection with any litigation arising out of this contract, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney's fees."
[2] The reduction should not be the entire cost of the lift station, but only a pro rata amount of the cost which would represent that portion to be used by the property. The balance of the cost will be recouped from other property serviced by the lift station.