568 So.2d 505 (1990)
BOCA PALM INVESTMENTS, INC., and Boca Partners I, Appellants,
v.
JERDON INCORPORATED, a Florida Corporation and Donald S. Rich, Appellees.
No. 89-2615.
District Court of Appeal of Florida, Fourth District.
October 17, 1990.
*506 Robert M. Weinberger of Cohen, Cohn & Silverman, P.A., North Palm Beach, for appellants.
Charles L. Curtis and William S. Cross of Allsworth, Doumar, Cazel, Curtis & Cross, Fort Lauderdale, for appellees.
PER CURIAM.
Appellants/Plaintiffs/Boca Palm Investments (Boca Palm) and Boca Partners I (Boca Partners) appeal the trial court's order dismissing, with prejudice, their claim for fraud against Jerdon Incorporated (Jerdon) and Donald S. Rich (Rich).
Rich, as president and on behalf of Jerdon, entered into a contract with Boca Palm for the purchase of a 220 unit apartment complex. During the course of the instant litigation, Boca Palm assigned the contract to Boca Partners. Before the closing, Boca Palm learned that Jerdon and Rich had misrepresented the rents which the tenants of the complex paid, and requested that Jerdon reduce the purchase price of the complex. Jerdon refused and Boca Palm filed their original complaint against Jerdon. Boca Palm sought a declaration of rights under the contract asserting that they had a right to close the sale with an abatement in the purchase price and that a judgment should be entered compelling Jerdon to close on these terms. Boca Palm subsequently amended its complaint seeking to enjoin the sale of the complex until Boca Palm's rights were determined, and adding a count alleging fraud by Jerdon and Rich. The trial court granted Boca Palm's request for an injunction, but later dissolved the injunction and ordered that the closing of the complex occur within 15 days. After the court ordered the closing, Boca Palm assigned the contract to Boca Partners. Boca Partners closed with Jerdon and then joined in filing the fourth amended complaint, which contained claims against Jerdon and Rich for fraud and against Jerdon for breach of contractual warranties. The trial court dismissed the fraud claim with prejudice and this appeal ensued.
Jerdon and Rich maintain that the trial court did not err in dismissing the fraud claim. According to Jerdon and Rich, Boca Palm and Boca Partners extinguished their fraud claim when Boca Partners closed on the property.
In response, Boca Palm and Boca Partners assert that Boca Partners has the legal right to affirm the instant contract, close on it as ordered by the trial court, and seek damages resulting from it notwithstanding the fact that Boca Partners closed on the subject transaction with knowledge of the fraudulent conduct of Jerdon and Rich in misrepresenting the rent paid by the complex's tenants. To support their position, Boca Palm and Boca Partners rely on American Realequities, Ltd. v. Alm Inv. Corp., 406 So.2d 507 (Fla. 3d DCA 1981).
In American Realequities, the buyer of certain property claimed that the seller was guilty of fraud because the seller did not disclose that a lift station was needed on the property. Before closing, the buyer discovered the misrepresentation and sought specific performance of the contract and a reduction in the purchase price of the property equal to the damages suffered. In reversing the trial court's decision to declare the contract void rather than grant specific performance or, alternatively, damages, the Third District stated:
Notwithstanding the fact that there was a material misrepresentation ..., the purchaser has a right to affirm the contract and take the property rather than seek a rescission. Black v. Clifton, 284 So.2d 465 (Fla. 4th DCA 1973); Firstbrook *507 v. Buzbee, 101 Fla. 876, 132 So. 673 (1931); Triplett v. Brevard Properties, Inc., 94 Fla. 869, 115 So. 534 (1927) ... The purchaser has a right, under the circumstances, to seek specific performance of a land contract and to seek damages for the material misrepresentation. Black v. Clifton, supra; Brown v. Griffin, 75 So.2d 781 (Fla. 1954); Firstbrook v. Buzbee, supra; Williams v. McFadden, 23 Fla. 143, 1 So. 618 (1887) ...
Upon remand, the trial court shall ... take evidence as to the amount of damages suffered by the purchaser because of the material misrepresentation and reduce the purchase price accordingly.
406 So.2d at 508-509.
In the instant case, Boca Palm, prior to the closing, sought specific performance of the contract and a reduction in the purchase price of the property equal to the damages suffered from Jerdon's and Rich's alleged fraud. The trial court's decision to dismiss the fraud claim is inconsistent with American Realequities because Boca Palm was trying to obtain the proper remedy, specific performance and damages, when the trial court ordered that the closing occur without considering Boca Palm's damages. Thus, when Boca Palm assigned its interest in the contract to Boca Partners, and Boca Partners closed on the contract, Boca Palm and Boca Partners were granted specific performance, but not damages. By denying Boca Palm and Boca Partners the opportunity to pursue damages for Jerdon's and Rich's fraud, which would effect a reduction in the purchase price of the property, the trial court denied Boca Palm and Boca Partners their chosen remedy. Accordingly, we reverse and remand this case to the trial court, with instructions to reinstate the fraud count of Boca Palm's and Boca Partners' fourth amended complaint.
REVERSED AND REMANDED.
HERSEY, C.J., and DELL and GUNTHER, JJ., concur.