ROBERT C. HOOKER, *Appellant*, v. LUCINDA HOOKER, *Appellee.*

Opinion Filed Jan. 28, 1913.

To introduce into the bed-room of an invalid wife a loose woman in an almost nude condition coupled with lewd behavior constitutes extreme cruelty under the divorce law.

Appealed from the Circuit Court for Hillsborough County.

Decree affirmed.

*W. H. Jackson,* for Appellant;

*John C. White* and *E. B. Drumright,* for Appellee.

COCKRELL, J.—In this case the wife sued for a divorce upon the grounds of adultery, extreme cruelty and habitual indulgence of a violent and ungovernable temper. The decree was granted upon the last two grounds, and the husband appeals.

There is sharp conflict in the evidence upon all the charges, but we find from a careful reading of the record that extreme cruelty is made out, and the decree will not be disturbed.

While the wife was in bed from the effects of a most

serious operation, the husband over her protest intro-
duced into the house as a servant a woman of known
dissolute character who with his evident approval, came
into the room of himself and wife in an almost nude
condition, and entered with him into the game of peek-a-
boo, at the same time casting lascivious glances at him.
There were other acts of impropriety testified to as to
this woman, and when the wife from her sick bed com-
plained, the husband encouraged the woman in her tart
replies to the wife. There were also conduct and re-
marks of the husband as to another woman that would
naturaly drive any pure woman, as was the wife, to the
verge of insanity, inflicting the most cruel sufferings.

These facts justify the divorce under the ruling in Pal-
mer v. Palmer, 26 Fla. 215, 7 South. Rep. 864, and bear
no relation to the harmless flirting spoken of in Han-
cock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-
FIELD, J. J., concur.