ANNA ETTEENE BAKER, *Appellant*, v. ROBERT CLARENCE BAKER, *Appellee*.

Division B.

Opinion Filed December 6, 1927.

1002

*M. D. Carmichael* and *R. K. Lewis,* for Appellant;

*Abbott & Gaulden,* for Appellee.

TERRELL, J.—This appeal is from a final decree entered October 4th, 1926, dissolving the bonds of matrimony heretofore exising between appellant and appellee, awarding alimony to appellant in the sum of Two Hundred and Fifty Dollars per month, decreeing the home in which appellant and appellee had lived to be the place of appellant's residence and decreeing the custody of their three minor children to be in appellant with permission to visit said children at stated times on the part of appellee. The said final decree also awards attorney's fees to appellant in the sum of One Thousand Dollars and finds the title to certain lands described in a deed recorded in Deed Book 53, at page 395, Public Records of St. Lucie County, Florida, to be in appellant.

The bill for divorce was brought by appellee and is grounded on, (1) "Extreme cruelty by defendant to complainant," and (2) "Habitual indulgence by defendant in violent and ungovernable temper." Either of which is cause for divorce in this State. Section 3191, Revised General Statutes of Florida.

A demurrer to the bill of complaint was overruled. It is first contended by appellant that this was error, because the exhibitions of violent and ungovernable temper on the part of defendant as charged in the bill were directed to other persons than the complainant and that there is sufficient showing of extreme cruelty to warrant a divorce. It being insisted that "extreme cruelty" as ground for divorce contemplates physical violence.

Extreme cruelty as ground for divorce under our statute is by no means confined to physical violence. It includes

in addition to physical violence such conduct on the part of either spouse as would produce in the other continuous, intense mental pain and suffering, danger to health or a forced abnegation of the marital relation. If mental pain and suffering or physical violence is not of itself sufficient to show cause for divorce either may supplement the other to show such cause. Donald v. Donald, 21 Fla. 571; Williams v. Williams, 23 Fla. 324, 2 So. 768; Palmer v. Palmer, 26 Fla. 215, 7 So. 864; Wethington v. Wethington, 57 Fla. 551, 49 So. 549; Prall v. Prall, 58 Fla. 496, 50 So. 867; Hooker v. Hooker, 65 Fla. 53, 61 So. 121; Erdmans v. Erdmans, 90 Fla. 858, 107 So. 188; Kellogg v. Kellogg (Fla.) 111, So. 637.

This Court is committed to the doctrine that occasional outbursts of passion, nagging, petulance, readiness to anger, frequent and unreasonable complaints, though made in a loud-voiced, boisterous manner, if only calculated to render the relations between the parties unpleasant and disagreeable, or unhappy, do not afford sufficient cause for divorce. Palmer v. Palmer, *supra.* An examination of many cases where divorce was sought on the ground of extreme cruelty or habitual indulgence in a violent and ungovernable temper or both suggest this test to determine the sufficiency of the bill and the proofs to warrant the relief. If extreme cruelty is relied on, physical violence or such treatment or abuse as damages health or causes a constant apprehension of physical violence, renders cohabitation intolerable or makes it impractical to discharge marital duties must be shown. If habitual indulgence in a violent and ungovernable temper is relied on, it must be shown that defendants temper was displayed towards complainant habitually so as to injuriously effect health, personal safety and comfort or to render life an appressive and intolerable burden making it impracticable to perform

marital duties under such burden. Palmer v. Palmer, *supra,* Beekman v. Beekman, 53 Fla. 858, 43 So. 923; Hancock v. Hancock, 55 Fla. 680, 45 So. 1020; Hickson v. Hickson, 54 Fla. 556, 45 So. 474; Taylor v. Taylor, 63 Fla. 659, 58 So. 238; Kellog v, Kellog, *supra.*

Inspection of the bill of complaint discloses that a few years after the marriage of complainant and defendant in 1912, differences arose between them and from then to the time of their separation it is charged that defendant constantly upbraided complainant, charging him with infidelity to her by having immoral illicit relations with various and sundry white and colored women and re--peatedly calling him all kinds of vile and nasty epithets (naming them) too indecent to enumerate. It is also alleged that defendant charged complainant with violating Section 5425, Revised General Statutes of Florida, that is to say: with committing unnatural and lascivious acts with a·member of the male sex, that she cursed him and chided him because of the loss of one of his legs, and that she charged him with being a bootlegger and with taking money from bootleggers to permit them to engage in their nefarious traffic (complainant being Sheriff of Palm Beach County). The bill states many other charges against defendant of similar character to those enumerated and shows that this course of conduct on her part was constant and continuous and was indulged in at home, in the office, on the highway and in public places in the presence of the family, friends and relatives of complainant. There is ample and competent evidence in the record to support these charges which on the full showing made meet the requirements of the statute for divorce on both the ground of extreme cruelty and habitual indulgence in a violent and ungovernable temper.

The answer of defendant to the bill in no respect com-

plies with the rules of exact pleading. It is replete with counter charges and voluntary suggestions of criminality on the part of complainant and denies many allegations of the bill but there is no attempt whatever to prove any of her counter charges and voluntary suggestions of criminality or to disprove any charge against her except her own testimony. In divorce as in other proceedings where the testimony is conflicting but there is ample evidence to support the finding of the chancellor, the decree will not be reversed. Phinney v. Phinney 77 Fla. 840, 82 So. 357. The evidence here on all issues overwhelmingly supports the finding of the chancellor. Some of the exhibitions of violent and ungovernable temper on the part of defendant were directed to other parties but sufficient of them were directed to complainant to make out a case.

After the testimony was closed defendant presented and made application to the chancellor to file her supplemental answer. This application was denied and such denial is made the basis of the second assignment of error. The record shows that the chancellor investigated thoroughly the charges made in the supplemental answer before denying the application to file it and while the procedure adopted by him in doing this may be a little out of the usual there is no showing whatever that the cause of the defendant was in any wise prejudiced thereby.

After the appeal was taken, appellee herein, complainant below, filed his cross assignments of error, the first of which attacks that part of the final decree awarding permanent alimony to the defendant.

It is contended by cross appellant that the divorce was granted for the fault of the wife and where that is the case no alimony can be awarded under the statutes of this State. This contention is predicated on the holding of this Court in Phinney v. Phinney, 77 Fla. 850, 82 So. 357. The

holding of this Court in the Phinney case is based on Section 3195, Revised General Statutes of Florida, which is as follows:

"In every decree of divorce in a suit by the wife, the Court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given for the same, as from the circumstances of the parties and the nature of the case may be fit, equitable and just; but no alimony shall be granted to an adulterous wife."

We construe this statute to mean that under no circumstances shall alimony be granted to an adulterous wife, but in all other cases where suit for divorce is by the wife all orders touching alimony, suit money, maintenance or any allowance to her or security for the same, is considering the nature of the case and the circumstances of the parties vested in the discretion of the chancellor.

In the case at bar the suit was brought by the husband, so Section 3195, Revised General Statutes of Florida, would have no application, but if it did the wife was adjudged a proper and suitable person to be and was, in fact, awarded the custody of the three minor children of complainant and defendant. She was therefore entitled to a reasonable allowance from the income of complainant to support and care for their children, and there is no claim here that the amount allowed is unreasonable or would work an undue hardship on complainant. If this situation should change in the future the amount allowed may be increased or diminished as in the judgment of the chancellor the faculties of the parties may suggest. Carlton v. Carlton, 78 Fla. 252, 83 So. 87; Luthe v. Luthe, 12 Col. 421, 21 Pac. Rep. 467.

The second cross assignment of error challenges the order of the chancellor awarding the custody of the chil-

dren to defendant and the third cross assignment challenges the order of the chancellor allowing the defendant to reside in and occupy the home of the complainant as her place of residence. On the showing in the whole record neither of these cross assignments appear to be well grounded.

Subsequent to the appeal a motion was filed in this Court by appellant for the allowance to her of reasonable attorney's fees and suit money. An order was made deferring the consideration of the matter of attorney's fees to final hearing on the merits and referring the matter of suit money to Hon. Elwyn Thomas, Judge of the Twenty First Judicial Circuit to inquire into the faculties of the appellee to pay a reasonable allowance for one certified copy of the transcript of the record upon said appeal and for a reasonable attorney's fee for appellant for prosecuting her said appeal and report his findings in these matters to this Court.

We have the report of Judge Thomas, together with other evidence on the subject matter in the premises before us and on examination of the same we think Five Hundred Dollars would be a reasonable attorney's fee to award the appellant for prosecuting this appeal and for suit money she should be awarded the actual cost of one certified copy and two uncertified copies of the transcript of the record filed in this Court which is shown by the certificate of the clerk of the Circuit Court of Palm Beach County to be Eleven Hundred and Fifty Dollars. It is therefore ordered that said amounts be paid by appellee to appellant's counsel in this appeal. Prine v. Prine, 36 Fla. 676, 18 So. 781; Holly v. Holly, 81 Fla. 881, 89 So. 132; Smith v. Smith, 51 S. C. 379, 29 S. E. Rep. 227; Holcomb v. Holcomb, 49 Wash. 498. 95 Pac. Rep. 1091; Kjellander v. Kjellander, 90 Kan. 112, 132 Pac. Rep. 1170; Wager v. Wager, 36 Minn. 239, 30 N. W. Rep. 766; Hall v. Hall, 77 Miss. 741, 27 So. 636.

In view of this conclusion as to allowance of attorney's fees and suit money it necessarily follows that the motion of appellee filed in this Court November 9, 1927, to vacate "any and all orders of this honorable Court heretofore made requiring R. C. Baker, appellee, to pay for appellant her cost of transcript of record or to pay for solicitors fees, in particular such order of this honorable Court dated June 28, 1927, touching said costs of transcript of record and appellants solicitors fees," should be and the same is hereby denied.

The record in this case covers more than twelve hundred pages, the major portion of which is irrevelant, immaterial and foreign to the issues presented. It is impregnated from one end to the other with foul, obscene, filthy, scandalous and lecherous matter that could have had no purpose whatever except to scandalize or embarrass appellee or someone connected with the case. A court of equity is not a back yard devised to air dirty linen or to exhibit family skeletons. It is a forum into which litigants may come on terms of equity, litigate their differences, have the equities for and against them balanced and right and justice meted out to them. To accomplish this end we have as the product of many centuries of cultivating and refining the most exact system of pleading and practice in both common law and equity known to the history of jurisprudence. If counsel would make up their issues according to rule and direct their testimony to the issues so made they would not only greatly reduce the labors of this Court but they would be amazed at the favorable comment they would have on their skill as practitioners and would save their clients thousands of dollars in cost of litigation. It is but fair to state, however, that counsel for appellant here were employed after the trial below and are not therefore responsible for this state of the record.

Other assignments presented have been considered but a discussion of them would serve no useful purpose so the decree of the chancellor is affirmed.

Affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.