NELLIE SCOTT WELCH v. E. C. WELCH.

152 So. 173.

Opinion Filed November 7, 1933.

*James H. Finch* and *O. S. Lewis,* for Appellant;

*B. L. Solomon,* for Appellee.

PER CURIAM.—This was a divorce suit brought by the husband against the wife. The decree was against the wife who has appealed. A careful review of the evidence discloses that the Chancellor's conclusions in favor of the husband, of the issuable facts, are amply supported and that they should not be reversed. Foxworth v. Maddox, 103 Fla. 32, 137 Sou. Rep. 161; Wetherington v. Wetherington, 57 Fla. 551, 49 Sou. Rep. 549; Palmer v. Palmer, 26 Fla. 215, 7 Sou. Rep. 864; Beekman v. Beekman, 53 Fla. 858, 43 Sou. Rep. 923. Recrimination as a bar to a divorce otherwise grantable (except where adultery is the basis of the recrimination) should be fully asserted as an affirmative defense in the answer, and pleaded with the same particularity as a charge in a complaint for divorce. Newman

v. Newman, 211 Mass. 508, 98 N. E. Rep. 507, Ann. Cas. 1913B 672. In cases of adultery, the court, in its discretion, may take notice of it as a bar by way of recrimination, even though not pleaded, if the complainant's adultery appears evident from the proofs. Fisher v. Fisher, 95 Md. 314, 52 Atl. Rep. 898, 93 A. S. R. 334. Recrimination was not legally established by pleading or proof in this case. No charge of adultery on either side was alleged or shown. So the decree appealed from should be affirmed, and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.