ANNIE STONEBURG v. J. A. STONEBURG.

162 So. 334.

Division A.

Opinion Filed June 22, 1935.

*Harry E. King,* for Appellant;

*E. C. Wimberly* and *B. K. Roberts,* for Appellee.

BROWN, J.—This was a suit for divorce brought by the husband against the wife upon the grounds of habitual indulgence in violent and ungovernable temper and extreme cruelty. The evidence was conflicting, but there was ample evidence to sustain the Chancellor's decree in favor of the plaintiff husband, and we would not be authorized, under the well known rule applicable in such cases, to reverse the findings of the Chancellor on the evidence.

The mere fact that the wife continued to live in the husband's house during the pendency of the divorce proceedings, but without cohabitation, the husband occupying a room with his grown son, and the wife occupying a separate room, is not sufficient to show condonation of the conduct of the wife which is made the basis of the suit for divorce. The law would not compel the husband under such circumstances to forcibly put his wife out of the house in order to maintain a suit for divorce on the grounds in-

volved. It is possible for two persons to live in the same house and eat at the same table and yet be as far apart as the poles. If the testimony of the plaintiff husband and his grown son was worthy of belief, and the Chancellor evidently thought so, the mere fact that the wife continued to occupy the matrimonial domicile did not, under the testimony offered in behalf of the plaintiff, amount to a condonation and forgiveness by plaintiff of the habitual indulgence on her part in violent and ungovernable temper, or the cruel treatment complained of, which the testimony offered on behalf of plaintiff tended to establish. See 19 C. J. 87, and cases cited. While the evidence is in conflict on practically all points in the case, that question has been settled by the Chancellor and we see no reason to disturb his finding.

The Chancellor ordered the plaintiff husband to pay to the defendant and her attorney certain sums, the acceptance of which would operate as a complete compensation or settlement of all claims of whatever character, either for attorney's fees, court costs or present or future alimony or support money, which the defendant has or may hereafter have against the plaintiff. The sum of money was paid and accepted. The court was not compelled to make this order, or to grant alimony to the defendant wife in this case (Section 4987 C. G. L.), but when the court did so, and the sums ordered to be paid to the defendant and her solicitor respectively were paid and accepted, this estopped the defendant from raising any question in this court as to the sufficiency of the amount so ordered and paid.

We find no reversible error in the record and the decree appealed from is hereby

Affirmed.

WHITFIELD, C. J., and DAVIS, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.