JEANETTE J. PHIFER v. VANNIE L. PHIFER

168 So. 9.

Opinion Filed May 2, 1936.

224

*Mahon & Safer,* for Appellant;

*Fred M. Burns* and *Lee M. Booth,* for Appellee.

DAVIS, J.—This was a suit started by the petitioner, Jeanette J. Phifer, in the Duval County Circuit Court for divorce, custody of three minor children of the parties, temporary and permanent support and counsel fees. The Special Master, who has since become one of the Circuit Judges of Duval County, after a hearing had on the faculties of the parties, found that petitioner was entitled to $150.00 per month as temporary allowance for support and $150.00 for temporary counsel fees. Upon final hearing the Chancellor entered a final decree dismissing the bill of complaint, from which final decree the petitioner has taken and filed her appeal to this Court. The final decree appealed from reached the same conclusion as that recommended by the Master in favor of the respondent husband, but was predicated upon additional and supplemental testimony taken before the Chancellor prior to the rendition of such final decree.

The case is now before this Court upon a petition by the appellant wife for allowance of temporary support and maintenance of herself and her three minor children, as well as additional solicitors' fees for her solicitors, and in this connection a full hearing has been had upon the merits of the case, in view of the motion to dismiss the appeal as frivolous which was filed by the appellee as part of his response to the application of the appellant for relief in this Court *pendente lite.*

It is undoubtedly within the power and jurisdiction of the Supreme Court to order the husband of an appellant wife to pay alimony, support and maintenance money, as well as solicitor's fees, where a final decree of divorce granted *against* the wife has been duly appealed. Prine v. Prine, 36 Fla. 676, 18 Sou. Rep. 781; Duss v. Duss, 92 Fla. 1081, 111 Sou. Rep. 382. But the petition in such cases must be well founded. Floyd. v. Floyd, 81 Fla. 910, 108 Sou. Rep. 896.

But it is an equally well accepted rule that after a final decree denying a divorce has been rendered against the wife *as plaintiff,* and she thereupon appeals from such decree, that the burden is cast upon the appellant wife, when seeking alimony, suit money and support money allowances in the appellate court pending the determination of the appeal, to make it appear that she is acting in good faith and has reasonable grounds to believe that the appeal will be successful and that she is probably entitled to have a divorce granted to her in the proceeding she has unsuccessfully instituted against her husband in the court below. See: Annotation in 15 Ann. Cas. 229, 18 A. L. R., 1497, and cases cited.

By an order of this Court made and entered on December 20, 1935, this Court required the appellee to pay unto the appellant the sum of $75.00 to cover costs of appellant's appeal, including transcript of the record, and in addition awarded the sum of $100.00 to be paid to appellant's attorneys as solicitors' fees for services to be performed on appellant's behalf in connection with the presentation of the appeal to this Court. The petition now before us is for further and additional allowances in the form of temporary alimony, support money for the children and additional fees for the solicitors for the petitioner.

After hearing the argument of counsel for both parties in which the merits of the case have been fully discussed at the bar of this Court, and after carefully reading the transcript of the record which has been filed in this Court by appellant in support of her appeal from the final decree of the Circuit Court denying her a divorce from her husband, the Court is of the opinion that the record affirmatively shows that upon final disposition the appeal must be controlled by the oft stated rule repeatedly announced by this Court to the effect that where the evidence reasonably supports the findings of the Chancellor, his conclusions thereon will not be disturbed. It would therefore serve no useful purpose, in view of the situation of the parties in this litigation, to retain this case on the docket to be hereafter affirmed under the rule just stated, therefore it is the judgment of the Court that upon the consideration of appellee's motion to quash the appeal as frivolous said motion be denied, but that the decree appealed from be and the same is hereby affirmed on the authority of Holtsberg v. McCarty, 117 Fla. 554, 158 Sou. Rep. 123; Treat v. State, *ex rel* Mitton, 121 Fla. 509, 163 Sou. Rep. 883.

Affirmed on motion to quash appeal as frivolous.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.