130 So.2d 126 (1961)
Patricia Ann COLE, Appellant,
v.
George M. COLE, Appellee.
No. C-69.
District Court of Appeal of Florida. First District.
May 16, 1961.
Rehearing Denied June 5, 1961.
*127 George A. Pierce, Jacksonville, for appellant.
Kurz & Toole, Jacksonville, for appellee.
CARROLL, DONALD K., J.
The plaintiff-wife has appealed from an amended final decree entered by the Circuit Court for Duval County dismissing with prejudice her complaint in her divorce suit, but granting a divorce upon the counterclaim of the defendant-husband, awarding to him the custody of their two children, and substantially changing the alimony provisions of the original final decree.
In her complaint the plaintiff sought a divorce on the ground of extreme cruelty. The defendant relied upon the same ground in his counterclaim for divorce. The testimony presented by the parties and heard by the chancellor consumes over four hundred typewritten pages in the transcript of testimony, and it would needlessly extend this opinion if we were to endeavor to summarize the testimony in a way that would reflect with judicial fairness the many charges and counter-charges of misconduct on both sides that were made in this heatedly-contested divorce suit. We have, however, carefully read the transcript and are of the opinion that, upon the basis of the so-called "cold record" before us, which is all that we as an appellate court have any right to consider, there is sufficient competent, substantial evidence in the record to support the granting of a divorce either upon the plaintiff's complaint or upon the defendant's counterclaim, depending upon the particular evidence to which the trier of the facts decides to accord probative force and which he deems worthy of belief. In such a situation in equity an appellate court is without authority to re-try the case and substitute its findings of fact for those of the chancellor. So far as the question of the proper conclusions from the evidence is concerned, the appellate court under such circumstances has no choice but to affirm the chancellor's findings. This result is necessitated by the application of the rule discussed in the following paragraph.
The oft-stated and long-established rule in Florida is that on the appeal of an equity suit, "where the evidence reasonably supports the findings of the chancellor, his conclusions thereon will not be disturbed." Phifer v. Phifer, 1936, 124 Fla. 223, 168 So. 9, 10. See also Baker v. Baker, 1927, 94 Fla. 1001, 114 So. 661; Welch v. Welch, 1933, 112 Fla. 590, 152 So. 173, and Stoneburg v. Stoneburg, 1935, 120 Fla. 188, 162 So. 334. In justifying this rule with the goal of the courts to ascertain the truth, it is sometimes pointed out that in an equity suit the chancellor, like a jury in an action at law, is the trier of the facts and as such has heard the testimony of the witnesses and observed their demeanor and conduct, elements which may affect the degree of credibility which should be accorded to their testimony, so surely the chancellor is in a better position to arrive at true findings of fact than appellate judges, who are confined in their consideration to the "cold" typewritten transcript prepared by a stenographer.
*128 Applying this principle in the present appeal, we hold that there was sufficient competent, substantial evidence before the chancellor from which he could lawfully conclude, as he did, that the equities were with the defendant and that the defendant was entitled to a divorce from the plaintiff and to the custody of the two minor children. The amended final decree as to those holdings must, therefore, be affirmed.
The appellant, however, on this appeal has challenged the propriety of another provision of the amended final decree, making a substantial change in the alimony provision of the original final decree  without affording the appellant a full opportunity to present her evidence on the issue involved in the modification of the alimony provision.
The alimony provision in the original final decree, entered February 8, 1960, ordered the defendant to pay to the plaintiff as alimony the regular sum of $50 per month commencing March 1, 1960, and continuing until the re-marriage of the plaintiff or the death of either party.
Ten days after the entry of this final decree the plaintiff filed with the court a petition for a rehearing on the decree, and the court by order dated March 16, 1960, granted a rehearing and the reopening of the case "to hear all additional competent and pertinent evidence which the parties wish to present upon the issue of future care, custody and control of the minor children of the parties * * *", setting March 21, 1960, as the date for such hearing. That it was the intention of the court to restrict the rehearing to the reception of evidence pertaining to the child custody issue, was made clear during the questioning of the first witness produced at the rehearing, when the court asked the plaintiff's attorney "* * * are you going to confine this now to the child custody issue?" Upon receiving an affirmative response from the counsel, the court stated, "I don't want to get into the other. That was not the purpose of reopening this case." The evidence at the rehearing was limited to the child custody issue. Nevertheless, although no additional evidence had been presented by either side on the issue of alimony since the entry of the original final decree, the court in its amended final decree entered April 1, 1960, included a substantially different provision for alimony to the plaintiff, directing the defendant to pay to her
"* * * as and for her temporary support and maintenance the sum of Two Hundred Dollars ($200.00) per month for the next ensuing three (3) months, Said payments shall terminate at the expiration of three (3) months from date hereof and shall constitute full settlement and extinguishment of plaintiff-counterdefendant's claims or demands against the defendant-counterclaimant for future support and maintenance."
In the recent case of Ames v. Ames, Fla. App. 1961, 126 So.2d 754, we held that, under the circumstances shown in the record of that case, the chancellor was without jurisdiction to enter a post-decretal order ex mero motu vacating, deleting, and holding for naught portions of a final divorce decree bearing upon a certain declaration of trust. The procedural situation in that case, however, was basically distinguishable from that in the instant appeal. In the Ames case the chancellor did not have before him a motion, petition, or some other appropriate proceeding authorized by the rules of procedure, requesting that he vacate the mentioned portions of the final divorce decree. Here the chancellor had before him for consideration a petition for rehearing duly filed by the appellant herein addressed to the original final decree, and this procedural fact necessitates a different result from that reached in the Ames case, as set forth below.
The original final decree in the present appeal was entered on February 8, 1960. Paragraph 6 of this decree contained the provision quoted above, ordering the defendant to pay to the plaintiff as alimony *129 the regular sum of $50 per month commencing March 1, 1960, and continuing until the re-marriage of the plaintiff or the death of either party. On February 18th the plaintiff filed her petition for rehearing on the said final decree, expressly pursuant to Rule 3.16 of the Florida Rules of Civil Procedure, 31 F.S.A. That rule provides in part that no rehearing shall be granted unless the petition for rehearing is served within ten days after the recording of the decree. Appended to the petition for rehearing is a certificate of plaintiff's counsel certifying that a copy of the petition was furnished by hand to the attorney for the defendant on February 18th, so the petition for rehearing was timely filed. On March 16, 1960, the court entered an order reciting that on March 10th it had announced to counsel for the parties that neither the plaintiff's petition for rehearing, her supplement to petition for rehearing, nor her oral motion for leave to reopen the case to permit her to adduce additional evidence bearing upon the custody of the minor children of the parties, was of sufficient merit, though in proper form, to justify the granting of the relief sought therein, but that, notwithstanding, upon the representation of plaintiff's newly substituted counsel that he had discovered the existence of additional evidence which he deemed relevant and material upon the issue of child custody, which the plaintiff desired the court to hear and consider before finally disposing of the case, the court orally granted the plaintiff leave to submit in affidavit form the source and substance of all such additional evidence which the plaintiff desired to proffer on that subject. The court further stated that the gravity which it attached to its serious duty to sift through and exhaust all sources likely to contribute to an intelligent and just decision on the custody issue was sufficiently overpowering to lead the court to reopen the case for the introduction of any further competent and pertinent evidence on the custody issue which either of the parties desired to present. The court then ordered that all of the portions of the original final decree, except paragraphs 1, 2, and 7 thereof, be vacated and set aside for the purpose of reopening the case to hear all additional competent and pertinent evidence which the parties wished to present upon the issue of future care, custody, and control of the minor children of the parties, the date for such hearing being set for March 21st.
On April 1, 1960, the chancellor entered his amended final decree, denominated "Final Decree Following Rehearing," stating that the cause was resubmitted for final hearing upon the plaintiff's complaint, the answer and counterclaim of the defendant, etc., and the testimony adduced before the court on the original final hearing and on the rule to show cause taken on March 10th, and on rehearing taken on March 21st. The court in this decree then granted the divorce to the defendant on his counterclaim, awarded the custody of the children to the defendant, and directed the defendant to pay to the plaintiff the sum of $200 per month for the next ensuing three months, in the provisions quoted above.
It thus appears from a reading of the record that the plaintiff-appellant filed her petition for rehearing and requested leave to present further evidence on the child custody issue. By its order the court vacated and set aside the provision in the original final decree pertaining to alimony as well as certain other provisions and reopened the case for the purpose of hearing additional evidence which the parties desired to present on the child custody issue. The appellant certainly can have no just cause for complaint against the chancellor's doing this, for in the exercise of his discretion he granted her the opportunity which she sought.
The appellant's contention that the chancellor erred in changing the provisions of the original final decree on the subject of alimony on this rehearing, cannot be sustained because, under our court procedure, the chancellor was authorized to amend the *130 alimony provision in the original final decree on the rehearing without having received additional evidence on that particular issue.
The nature of a rehearing is revealed in several opinions of the Supreme Court of Florida in which that court has had occasion to define a rehearing. A rehearing is a second consideration of a cause for the sole purpose of calling to the attention of the court any error, omission, or oversight that may have been committed in the first consideration. Lake v. State, 1930, 100 Fla. 373, 129 So. 827, 131 So. 147. A petition for a rehearing is a means afforded by rule to present to the court some point which it overlooked or failed to consider by reason whereof its judgment is erroneous. Atlantic Coast Line R. Co. v. City of Lakeland, 1927, 94 Fla. 347, 115 So. 669. A prime function of a petition for rehearing is to present to the trial court some point which it overlooked or failed to consider, which renders the decree inequitable and erroneous. Hollywood, Inc. v. Clark, 1943, 153 Fla. 501, 15 So.2d 175. A petition for rehearing of a suit in equity is available for correction of error apparent on face of record. Braznell v. Braznell, 1939, 140 Fla. 192, 191 So. 457, and Hollywood, Inc. v. Clark, supra. The Supreme Court in the last-mentioned case also recognized the rule that a petition for rehearing of a suit in equity is available for the purpose of obtaining the court's permission to introduce newly-discovered evidence.
A consideration of the nature of a rehearing under the authorized procedures in our courts, as revealed in the mentioned rules recognized by our Supreme Court, leads to the conclusion that a court in an equity suit, upon the timely filing of a petition for rehearing by one of the parties, may reconsider any or all of the provisions in its final decree and then lawfully amend or correct the provisions thus reconsidered. If the petitioner for a rehearing on all the issues involved in a final decree states in his petition that there is newly-discovered evidence upon a particular issue which evidence is relevant and material and such as might probably have produced a different determination, and is not merely cumulative or corroborative, the court may, in its discretion, reopen the case for the purpose of receiving such evidence upon the particular issue. See Owens v. Love, 1861, 9 Fla. 325. Under such circumstances the court need not reopen the case to hear additional evidence on the other issues and may reconsider the matters involved in those other issues without the reception of further evidence.
Rule 3.16 of the Florida Rules of Civil Procedure, which rule is applicable only to suits in equity, provides for petitions for rehearing in such suits.
We conclude, therefore, that the chancellor committed no error in altering the alimony provision without the reception of additional evidence on the alimony issue, under the circumstances present here.
The appellant has also appealed from an order of the Circuit Court for Duval County in this cause holding her in contempt and finding that she engaged in "activities calculated or intended directly or indirectly to alienate the affections of the minor children toward their father" contrary to provisions in the original decree of divorce. This order was based upon testimony presented by both parties. The testimony was in considerable conflict, but we think the conflict was resolved by the court, sitting as the trier of the facts, and hold that the evidence reasonably supports the findings of fact. The order of contempt, therefore, must be and is affirmed.
Our conclusion is that the amended final decree appealed from must be and is affirmed.
Affirmed.
STURGIS, Acting C.J., and MASON, ERNEST E., Associate Judge, concur.