178 So.2d 352 (1965)
Jasper J. ALVAREZ et ux., Appellant,
v.
Marjorie MacCrone DUMONT, Appellee.
No. F-518.
District Court of Appeal of Florida. First District.
September 21, 1965.
Rehearing Denied October 11, 1965.
*353 Jones, Beall & Sims, Pensacola, for appellants.
Levin, Askew, Warfield, Levin & Graff, Pensacola, for appellee.
CARROLL, DONALD K., Judge.
The defendants in a suit to set aside and cancel a warranty deed have appealed from an adverse final decree entered by the Circuit Court for Escambia County.
The principal question presented for our determination in this appeal is whether the chancellor, sitting as the trier of the facts, abused his discretion in finding from the evidence adduced before him that the said deed was procured by the defendants through coercion and undue influence.
The timetable of essential events forming the background of this litigation is briefly as follows: On February 5, 1963, an elderly gentleman named Augustin Teichmann executed the deed in question, conveying to the defendants a certain lot in Warrington, Florida, and died four days later. Six years previously Teichmann had executed a will devising the said lot to the plaintiff, which will was duly probated in the County Judge's Court of Escambia County, in which county Warrington is located. On March 25, 1963, the plaintiff instituted this suit in the Circuit Court for Escambia County, alleging in her complaint that the said deed was executed without any consideration and "under a domination of defendants," who held a position of special trust, and so "it was not the free and voluntary act" of Teichmann. In her complaint the plaintiff prayed that the court set aside the deed as null and void and cancel it of record.
The evidence adduced before the chancellor established that Teichmann was 85 years old at the time of his death, had been in very poor health, and was practically bedridden during the last few months of his life. Examining physicians in an incompetency proceeding instituted by the defendants in 1960 had testified to their conclusion that Teichmann had chronic senility due to cerebral arteriosclerosis, and was physically, but not mentally, incapable of handling his affairs. They testified that he was physically, but not mentally, incompetent. The said incompetency proceedings were not concluded. During the last eleven months of his life Teichmann gave to the defendant Jasper Alvarez two powers of attorney which apparently gave the latter complete control of all of the business affairs of Teichmann, who was nearly blind. The defendants were grantees under six deeds executed by Teichmann, conveying property of substantial value in Florida and *354 California. Three of these deeds, including the deed sought to be set aside herein, were executed by Teichmann by signing his "mark."
The evidence further showed that Teichmann, who had no family or relatives, lived with the defendants from 1949 until 1958, paying them from $15 to $25 a week for rent and board. After an absence of a few months he returned and lived with them until his death in 1963. There was evidence that Teichmann trusted the defendant Jasper Alvarez implicitly, and had a genuine affection for him.
We see no need here to detail the voluminous evidence adduced by the parties hereto before the chancellor. Suffice it to say that the evidentiary facts as marshalled by the appellants-defendants in their written and oral arguments in this appeal, indicate only that the deed in question here was executed with sufficient consideration and without any overreaching on the part of the defendants, who had faithfully and sacrificially devoted themselves to the welfare of a sick, old man. On the other hand, the evidentiary facts similarly marshalled by the appellee-plaintiff show a picture of a greedy couple dominating and taking advantage of a helpless, old man. In such a situation, of course, where there is substantial evidence both ways, we must remember that the chancellor in a case of this kind sits as the trier of the facts, like a jury in a law case, and so our limited function on appeal is to determine whether there is in the record sufficient substantial, competent evidence to support the chancellor's findings of facts, and we are not authorized to substitute our judgment for his as to his said findings.
In Cole v. Cole, 130 So.2d 126 (1961), this court was faced with this problem arising when there was substantial evidence on both sides in an equity case, like the instant one. We expressed in that case the applicable rule as follows:
"The oft-stated and long-established rule in Florida is that on the appeal of an equity suit, `where the evidence reasonably supports the findings of the chancellor, his conclusions thereon will not be disturbed.' Phifer v. Phifer, 1936, 124 Fla. 223, 168 So. 9, 10. See also Baker v. Baker, 1927, 94 Fla. 1001, 114 So. 661; Welch v. Welch, 1933, 112 Fla. 590, 152 So. 173, and Stoneburg v. Stoneburg, 1935, 120 Fla. 188, 162 So. 334. In justifying this rule with the goal of the courts to ascertain the truth, it is sometimes pointed out that in an equity suit the chancellor, like a jury in an action at law, is the trier of the facts and as such has heard the testimony of the witnesses and observed their demeanor and conduct, elements which may affect the degree of credibility which should be accorded to their testimony, so surely the chancellor is in a better position to arrive at true findings of fact than appellate judges, who are confined in their consideration to the `cold' typewritten transcript prepared by a stenographer."
In an opinion filed in this cause the chancellor found that the defendants occupied a confidential relationship with Teichmann, and the defendant Jasper Alvarez occupied a fiduciary relationship with him as well; and that there is a presumption that the deed in question was made under the defendants' influence, which places on them the burden to show that the transaction was bona fide and free from undue influence, which burden the defendants have failed to sustain.
In the final decree appealed from herein the chancellor referred to his said opinion and held that the warranty deed in question, executed by Teichmann on February 5, 1963, is rescinded, cancelled, and annulled, and awarded costs to the plaintiff.
Applying the rule quoted above from our opinion in Cole v. Cole, supra, we find that the evidence in this record, *355 although susceptible of conflicting inferences, sufficiently and reasonably supports the chancellor's findings, so we should not and will not disturb his findings.
We have considered and weighed the other points raised by the appellants in this appeal and find those points to be without substantial merit.
For the foregoing reasons the final decree appealed from herein must be and it is
Affirmed.
WIGGINTON, Acting C.J., and STURGIS, J., concur.