CARROLL, DONALD K., J.
The plaintiff in a suit for declaratory and injunctive relief and for specific performance has appealed from an adverse final decree entered by the Circuit Court for Escambia County.
The issue before us in this appeal is. whether the chancellor abused his disecretion in entering the said decree under the-evidence presented by the parties.
The evidence before the chancellor established that the plaintiff, M. D. Barrineau^ entered into an oral agreement with the defendants Fiveash and Anderson that the said parties would enter into the used auto, parts business and for that purpose would organize the defendant corporation, but there was a great conflict in the evidence as to the terms and conditions of the said agreement, especially as to the services, and financing to be rendered by the parties thereto in the conduct of the said' business. The said corporation was duly organized and its operations begun, but disagreements soon arose among the parties as to such services and financing and as to other matters, including the purchase of automobile salvage. Finally, the plain *55 "tiff instituted the instant suit against the .above three defendants, seeking a judicial ■declaration of his and the defendants’ rights and privileges under the said agreement, injunctive relief against the defendants, an accounting, and specific perform.ance of the said agreement. (Presumably because of the doctrine of part perform.ance, the question of the application of the Statute of Frauds to the said oral agreement has not been raised and is not involved herein.)
After receiving the parties’ evidence, the ■chancellor in his final decree held that such evidence did not satisfy it as to the terms .and conditions of the alleged agreement, and that the plaintiff is not entitled to the Telief prayed for, and so the chancellor dismissed the plaintiff’s amended complaint -as amended, awarding certain costs to the •defendants.
In denying the plaintiff’s prayer •for specific performance of the alleged agreement, the chancellor in his final decree ■appropriately quoted and applied the rule, as stated in Section 370 of the Restatement of the Law of Contracts, that the specific performance of a contract “will not be decreed unless the terms of the contract are so expressed that the Court can de•termine with reasonable certainty what is the duty of each party and the conditions •under which performance is due.”
The chancellor further found in his final decree that the evidence adduced “does not satisfy the Court as to the terms and conditions of the alleged agreement * * * ”; that the testimony “was so ■obscure that the Court cannot determine •whether or not there was a meeting of the minds of the parties on all of the essential particulars * * * ”; that there is uncertainty as to the duration of the services required of the plaintiff under the alleged agreement; and that the said agreement “lacks mutuality.” In our opinion, the chancellor’s said findings are well -founded upon the record in this case.
The burden, of course, was upon the plaintiff to prove before the chancellor by a preponderance of the evidence the terms and conditions of the agreement alleged in the complaint before being entitled to the relief sought therein. The issue presented to the chancellor for determination was essentially a question of fact. This being a suit in equity, the chancellor sat as the trier of the facts, and as such his factual findings are entitled to special weight in an appellate court. The rationale of the latter rule was thus explained in this court’s decision in Cole v. Cole, 130 So.2d 126 (1961):
“The oft-stated and long-established rule in Florida is that on the appeal of an equity suit, ‘where the evidence reasonably supports the findings of the chancellor, his conclusions thereon will not be disturbed.’ Phifer v. Phifer, 1936, 124 Fla. 223, 168 So. 9, 10. See also Baker v. Baker, 1927, 94 Fla. 1001, 114 So. 661; Welch v. Welch, 1933, 112 Fla. 590, 152 So. 173, and Stoneburg v. Stoneburg, 1935, 120 Fla. 188, 162 So. 334. In justifying this rule with the goal of the courts to ascertain the truth, it is sometimes pointed out that in an equity suit the chancellor, like a jury in an action at law, is the trier of the facts and as such has heard the testimony of the witnesses and observed their demeanor and conduct, elements which may affect the degree of credibility which should be accorded to their testimony, so surely the chancellor is in a better position to arrive at true findings of fact than appellate judges, who are confined in their consideration to the ‘cold’ typewritten transcript prepared by a stenographer.”
In this appeal, furthermore, the the burden is upon the appellant to demonstrate that the chancellor clearly abused his discretion in entering the final decree appealed from herein. As we have indicated above, the appellant has failed to so *56 demonstrate, so the said final decree should he arid it is
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.