CARROLL, DONALD K., Judge.
The defendants in a mortgage foreclosure suit has appealed from an adverse final decree entered by the Circuit Court for Okaloosa County.
The sole point on appeal, as broadly phrased by the appellant in his appellate brief, is “whether or not there was sufficient evidence to support the decree and whether or not the chancellor erred in interpreting and applying the law and the facts.”
The plaintiffs filed a complaint to foreclose a purchase-money mortgage. To this complaint the defendants filed their answer, admitting the execution of the note and mortgage but denying their being in default for the reason that there had been a mistake in the description and quantity of the property purchased, and alleging that there had therefore been a failure of consideration. The defendants incorporated in their answer a counterclaim claiming a set-off on account of the fact that the house was not on the property sold. After hearing the evidence presented by the parties, the chancellor in his final decree denied the counterclaim and ordered the foreclosure of the mortgage with costs and attorneys’ fees awarded to the plaintiffs.
Briefly stated, the evidence of the parties showed the following: The purchase price of the property was $1,500, on which the defendants paid down $1,000, and executed a note and mortgage for the balance of $500, payable monthly. The defendants had paid down this balance to $250 when the instant suit was instituted.
During the hearing the chancellor advised the parties’ counsel that he had concluded from the evidence “the appellant should have been able to observe that the house was not on the property line; thus the appellant knew or should have known this at time of purchase. * * * ”
Admittedly, as the appellants-defendants argue in their appellate brief, there was considerable evidence before the chancellor that would support a contrary conclusion; but, on the other hand, we must also recognize that there was other substantial and competent evidence before the chancellor to support his conclusion quoted above.
In this circumstance, under established rules, we have no option other than to concur with the chancellor’s said conclusion and to affirm the final decree appealed from.
In suits in equity, like the instant suit to foreclose a mortgage, the chancellor sits as the trier of the facts, just as the jury normally sits as the trier of the facts in an action at law. In such an equity suit an appellate court is not authorized to substitute its judgment for that of the chancellor in determining questions of fact. The rationale of this rule was expressed by this *514 court in our decision in Cole v. Cole, 130 So.2d 126 (1961), as follows:
“The oft-stated and long-established rule in Florida is that on the appeal of an equity suit, 'where the evidence reasonably supports the findings of the chancellor, his conclusions thereon will not be disturbed.’ Phifer v. Phifer, 1936, 124 Fla. 223, 168 So. 9, 10. See also Baker v. Baker, 1927, 94 Fla. 1001, 114 So. 661; Welch v. Welch, 1933, 112 Fla. 590, 152 So. 173, and Stoneburg v. Stoneburg, 1935, 120 Fla. 188, 162 So. 334. In justifying this rule with the goal of the courts to ascertain the truth, it is sometimes pointed out that in an equity suit the chancellor, like a jury in an action at law, is the trier of the facts and as such has heard the testimony of the witnesses and observed their demeanor and conduct, elements which may affect the degree of credibility which should be accorded to their testimony, so surely the chancellor is in a better position to arrive at true findings of fact than appellate judges, who are confined in their consideration to the ‘cold’ typewritten transcript prepared by a stenographer.”
The only authority cited by the appellees in their appellate brief in support of the chancellor’s final decree is Langley v. Irons Land Development Co., 94 Fla. 1010, 114 So. 769 (1927), a Florida Supreme Court case in which the following rule is recognized in a concurring opinion as applicable to cases like that before us in the present appeal:
“When a vendor sells real estate simply by the description contained on the face of the title papers, he is not accountable for a mistake of fact resting wholly in the mind of the other party as to the location or boundaries. But if he undertakes to point out to the purchaser its location or boundaries, and represents that a stated description covers the lands so designated, he does so at his own peril. If he makes a mistake, he must be accountable. When such a mistake prevents a meeting of the minds, rescission will be decreed, even though there was no fraudulent intent, unless the mistake resulted wholly from a lack of that degree of diligence on the part of the purchaser which would be exercised by a person of reasonable prudence under the same circumstances. See Strong v. Lane, 66 Minn. 94, 68 N.W. 765; Equitable Trust Co. of New London v. Milligan, 31 Ind.App. 20, 65 N.E. 1044; Selby v. Matson, 137 Iowa 97, 114 N.W. 609, 14 L.R.A. (N.S.) 1210; Bigham v. Madison, 103 Tenn. 358, 52 S.W. 1074, 47 L.R.A. 267; Green v. Worman, 83 Mo.App. 568, 569.”
In our judgment, the chancellor, in his final decree holding with the plaintiffs, correctly applied the quoted rule. Therefore, in view of the said rule in conjunction with the above-quoted rule from our decision in Cole v. Cole, we conclude that the final decree appealed from herein should be and it is
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.