PER CURIAM.
The plaintiff-husband in a divorce suit has appealed from a final decree entered by the Circuit Court for Columbia County denying the plaintiff’s prayer for divorce but granting the defendant-wife’s counterclaim for alimony unconnected with divorce.
The basic question presented for our determination in this appeal is whether the chancellor abused his judicial discretion in entering the said decree.
Such determination depends upon the legal sufficiency of the evidence adduced by the parties before the chancellor. As an appellate court we are not authorized to re-weight that evidence and substitute our judgment for that of the chancellor, who sat as the trier of the facts.
In an analogous situation in Cole v. Cole, Fla.App., 130 So.2d 126 (1961) we thus expressed the reasoning underlying the above rule:
“The oft-stated and long-established rule in Florida is that on the appeal of an equity suit, ‘where the evidence reasonably supports the findings of the chancellor, his conclusions thereon will not be disturbed.’ Phifer v. Phifer, 1936, 124 Fla. 223, 168 So. 9, 10. See also Baker v. Baker, 1927, 94 Fla. 1001, 114 So. 661; Welch v. Welch, 1933, 112 Fla. 590, 152 So. 173, and Stoneburg v. Stoneburg, 1935, 120 Fla. 188, 162 So. 334. In justifying his rule with the goal of the courts to ascertain the truth, it is sometimes pointed out that in an equity suit the chancellor, like a jury in an action at law, is the trier of the facts and as such hgs heard the testimony of the witnesses and observed their demeanor and conduct, elements which may affect the degree of credibility which should be accorded to their testimony, so surely the chancellor is in a better position to arrive at true findings of fact than appellate judges, who are confined in their consideration to the ‘cold’ typewritten transcript prepared by a stenographer.”
Applying the just-quoted rule to the case on appeal, we have examined the evi *733 dence before the chancellor and are of the opinion that the evidence, despite some conflicts therein, reasonably supports the findings and conclusions set forth in his decree, on which he held that the equities were with the defendant, that the defendant was entitled to alimony in the amount of $750 per month unconnected with divorce.
It would serve no useful purpose to detail here the voluminous evidence before the chancellor. We have considered the other points raised by the appellant in this appeal and find that they lack substantial merit.
Therefore, the final decree appealed from herein must be and it is
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., and JOHNSON, JJ., concur.