CARROLL, DONALD K., Acting Chief Judge.
The defendant-husband in a divorce suit has appealed from an order entered by the Circuit Court for Duval County, adjudging him to be in contempt of that court.
The basic questions presented for our determination in this appeal is whether the said court abused its discretion in denying the defendant’s petition for modification of the divorce decree and support orders; and whether the court followed proper procedures in finding him guilty of, and sentencing him for, contempt of court.
The court had previously entered a final decree in that suit granting a divorce to the plaintiff and requiring the defendant to make certain payments for alimony, a mortgage, and child support (the parties have five minor children). Such payments were also required by amendatory orders entered by the court. The defendant defaulted on many of the payments and filed in the cause a petition for modification of one of the support orders and for an order abolishing alimony, giving numerous reasons why he was unable to make the payments required by the court.
The court then held a hearing upon the defendant’s said petition and upon the plaintiff’s oral petition for the enforcement of the final divorce decree, as modified.
The parties presented their evidence at the said hearing, and the court found therefrom in the order appealed from that the defendant was delinquent in the sum of $3,726.50, that the defendant is not unable to make the required payments, and that he had wilfully failed and refused to make such payments. In the said order the court then denied the defendant’s above-mentioned petition, adjudged him to be in contempt of that court, provided that the defendant may purge himself of the contempt by paying certain sums on the day following the date of the said order but, if he failed to do so, the county sheriff shall confine him in the county jail for thirty (30) days as punishment for the contempt, unless the defendant shall, before the end of that period, pay certain sums, in which event the sheriff would release the defendant from custody.
The defendant-appellant’s main contentions in this appeal are such that they should most appropriately be addressed to the trier of the facts (the chancellor in an equity suit or the jury in an action at law) because he argues concerning the inferences to be reasonably drawn from the evidence. In the case at bar the chancellor *897 sat as the trier of the facts and our court has no authority, under the established rule, to substitute our judgment for that of the trier of the facts as to questions of fact. In Cole v. Cole, 130 So.2d 126 (Fla.App., 1961), we set forth the rationale underlying this rule, as follows:
“The oft-stated and long-established rule in Florida is that on the appeal of an equity suit, ‘where the evidence reasonably supports the findings of the chancellor, his conclusions thereon will not be disturbed.’ Phifer v. Phifer, 1936, 124 Fla. 223, 168 So. 9, 10. See also Baker v. Baker, 1927, 94 Fla. 1001, 114 So. 661; Welch v. Welch, 1933, 112 Fla. 590, 152 So. 173, and Stoneburg v. Stoneburg, 1935, 120 Fla. 188, 162 So. 334. In justifying this rule with the goal of the courts to ascertain the truth, it is sometimes pointed out that in an equity suit the chancellor, like a jury in an action at law, is the trier of the facts and as such has heard the testimony of the witnesses and observed their demeanor and conduct, elements which may affect the degree of credibility which should be accorded to their testimony, so surely the chancellor is in a better position to arrive at true findings of fact than appellate judges, who are confined in their consideration to the ‘cold’ typewritten transcript prepared by a stenographer.”
Our proper function in a case of this kind is to examine the evidence and determine whether it reasonably supports the conclusions drawn therefrom by the trier of the facts. We have performed that function in the present appeal and find that the evidence reasonably supports the conclusions made by the chancellor in the order appealed from.
The second basic question presented in this appeal, as mentioned above, is whether the court followed proper procedures in finding the defendant guilty of, and sentencing him for, contempt of court.
At the time of the court’s hearing on the defendant’s petition for modification of the support orders and for an order abolishing alimony, the only written pleadings before the court were the said petition and a notice of the hearing. The order appealed from, however, recites that the hearing was held upon the said petition “and upon the oral Petition of the Plaintiff for the enforcement of the final decree of divorce heretofore entered herein, as modified.”
In the order appealed from, the court denies the defendant’s petition and adjudges the defendant to be “in contempt of this Court.”
The court, further, in the order appealed from provided that, if the defendant shall fail to pay in the office of the court’s clerk the amount of $1,100 plus a 1% clerk’s fee, by 8:30 o’clock of the morning following the date of the order, the county sheriff shall forthwith take the defendant into custody and confine him in the county jail for a period of thirty (30) days from the date of the order, as punishment for the contempt, unless the defendant shall, before the end of that period, purge himself of the contempt by making certain specified payments.
Prior to the said hearing the defendant was not served with any order or rule to show cause or any other pleading or order notifying him that he might be held in contempt of court as a result of the hearing because of his failure to comply with the divorce decree and amendatory orders of the court. The court in the order appealed from fails to refer to any such pre-hearing notification, and the record reveals none.
This is, of course, a case of indirect or constructive contempt, rather than direct contempt (in which' the act is committed in the court’s presence). In cases of indirect or constructive contempt, the rule established in Florida requiring notice of the contempt charge to the accused person is well stated in 6 Fla.Jur., Contempt, Section 50, pages 607 and 608, as follows: “ * * * in proceedings for indirect or constructive contempt, of the commission of which the court must be informed by *898 others, due process of law requires that the accused be given notice of the charge and a reasonable opportunity to meet it by way of defense or explanation.” The procedure in contempt cases in matrimonial actions is ordinarily identical with that in constructive civil contempt cases. See 10 Fla.Jur., Divorce, Separation and Annulment, Sec. 230, page 637.
Among the Florida decisions recognizing the just-quoted rule are Palmer v. Palmer, 36 Fla. 385, 18 So. 720 (1895) and In re S.L.T., 180 So.2d 374 (Fla.App.2d, 1965). In the Palmer case the Supreme Court of Florida stated that in an earlier child-custody case involving contempt proceedings against the wife, that court had ruled “that, in the absence of any proper service to the rule to show cause why she should not be held for contempt, there could not be any proper adjudication against her in that proceeding for the simple reason that it would be a condemnation without giving her an opportunity to be heard on the charge of contempt preferred against her.”
To the same effect, see In re S.L.T., 180 So.2d 374 (1965), involving a contempt proceeding for wilful failure to comply with a child-support order, in which the District Court of Appeal, Second District of Florida, said: “Due process of law requires that the party accused be advised of the charge and accorded opportunity to defend himself.”
When the hearing began on the defendant’s said petition for modification, there was nothing in the record of the cause, and certainly there was nothing served upon the defendant, which notified him that he would be tried for contempt at the hearing.
In the order appealed from herein the court recites that the said hearing was held upon the defendant’s said petition and “upon the oral petition of the Plaintiff for the enforcement of the final decree of divorce heretofore entered herein, as modified. * * * ” The exact wording of this oral motion is not shown in the record but, in the absence of an explanation to the contrary, it must be presumed that the oral motion was made during the hearing itself, and so that motion could not possibly constitute a pre-hearing notice to the defendant that he would be tried on contempt charges at the hearing.
The defendant, therefore, received no notice of any contempt charges, and the due process of law requires that a reasonable notice thereof be given him before the hearing. The judgment of contempt against him cannot, then, be sustained.
For the foregoing reasons, that part of the order denying the defendant’s said petition for modification is affirmed and that part convicting and sentencing the defendant for contempt is reversed, and the cause is remanded for further proceedings consistent with the views above set forth.
Affirmed in part and reversed in part.
JOHNSON and SPECTOR, JJ., concur.