291 So.2d 103 (1974)
John Owen REINHART, Appellant,
v.
Patricia L. REINHART, Appellee.
No. S-180.
District Court of Appeal of Florida, First District.
March 7, 1974.
*104 Daniel R. Vaughen, De Land, for appellant.
Brinly S. Carter of Carter & Carter, De Land, for appellee.
BOYER, Judge.
We have for consideration an appeal from a final judgment of dissolution of marriage entered in the Circuit Court for Volusia County.
The parties were married in 1958, resulting in the birth of two sons, John, age 12, and Matthew, age 8. They resided in a basement apartment in a house owned by the husband's mother which was located on a six-acre lot in a Maryland suburb of Washington, D.C. As all too often happens, the marriage deteriorated and in May of 1969 the parties entered into a trial separation. The wife moved to Florida with the two children, setting up temporary residency near the home of her parents. After a short period a reconciliation was affected which, however, only lasted until November of 1969 when the wife and children moved into an apartment in Maryland which was shared with one of the wife's female friends. Approximately one year later the wife asked the husband to take custody of the older son, John, because she could not control him. In June of 1971 the wife and Matthew moved back to Florida, John remaining with his father in Maryland.
The wife was a real estate saleslady in Maryland, but not being licensed in Florida, she worked as a cashier, earning approximately $350.00 per month gross. The husband is a freelance commercial artist working as a building supervisor, carning approximately $833.00 per month gross. The evidence revealed both parties to be good parents and both boys to be doing well in school, each receiving religious training. John did not journey to Florida for the final hearing and the court had no jurisdiction over him.
The trial judge entered a final judgment dissolving the marriage, awarding custody of Matthew to the mother, finding that it was for the best interest of John to remain with his father, granting visitation privileges, requiring the husband to pay child support for Matthew, denying alimony to the wife and requiring the husband to pay the wife's attorney's fees in the sum of $600.00.
The husband filed numerous assignments of error attacking the "split custody" of *105 the children, contesting the propriety of the award of child support to the wife and the award of attorney's fees.
Unquestionably it is the policy of the law of Florida to keep children together in one family circle if at all feasible (Arons v. Arons, S.C.Fla. 1957, 94 So.2d 849; Epperson v. Epperson, S.C.Fla. 1958, 101 So.2d 367.) However, as above recited, the older child was not subject to the jurisdiction of the Florida courts and after a reading of the entire record we cannot say that as a matter of law the trial court erred in failing to award the custody of Matthew to the father. We also find that there is competent evidence in the record to sustain the trial court on the other points appealed.
It may well be that were we permitted to hear the case de novo we might enter a different final judgment. However, such is not our prerogative. An examination of the "cold record" before us, which is all that we as an appellate court have any right to consider, shows there is sufficient competent, substantial evidence in the record to support the final judgment entered, depending upon the particular evidence to which the trier of the facts decided to accord probative force and which he deemed worthy of belief. In such a situation an appellate court is without authority to retry the case or to substitute its findings of fact for those of the trial judge.
The rule is aptly stated in an opinion of this court, Cole v. Cole, Fla.App. 1st 1961, 130 So.2d 126, as follows:
"The oft-stated and long-established rule in Florida is that on the appeal of an equity suit, `where the evidence reasonably supports the findings of the chancellor, his conclusions thereon will not be disturbed.' Phifer v. Phifer, 1936, 124 Fla. 223, 168 So. 9, 10. See also Baker v. Baker, 1927, 94 Fla. 1001, 114 So. 661; Welch v. Welch, 1933, 112 Fla. 590, 152 So. 173, and Stoneburg v. Stoneburg, 1935, 120 Fla. 188, 162 So. 334. In justifying this rule with the goal of the courts to ascertain the truth, it is sometimes pointed out that in an equity suit the chancellor, like a jury in an action at law, is the trier of the facts and as such has heard the testimony of the witnesses and observed their demeanor and conduct, elements which may affect the degree of credibility which should be accorded to their testimony, so surely the chancellor is in a better position to arrive at true findings of fact than appellate judges, who are confined in their consideration to the `cold' typewritten transcript prepared by a stenographer." (At page 127)
We have not overlooked the decision of this court in Birge v. Simpson, Fla.App. 1st 1973, 280 So.2d 482, nor Brust v. Brust, Fla.App. 1st 1972, 266 So.2d 400. The facts in each of those cases are clearly distinguishable from those before us.
Our conclusion is that the final judgment from which this appeal emanated should be, and it is, affirmed.
The appellee wife has filed a motion for costs and attorney's fees incident to this appeal. Upon the husband complying with the final judgment which is affirmed by this opinion, the parties will be rendered substantially equal financially. It appears that the husband is obligated to pay his own costs and attorney's fees and the wife must do the same. The equality espoused in this era of women's liberation and enlightened thinking (Beard v. Beard, Fla.App. 1st 1972, 262 So.2d 269; Yordon v. Savage, S.C.Fla. 1973, 279 So.2d 844) includes equality of liability, obligation and responsibility. That motion is denied.
SPECTOR, Acting C.J., and JOHNSON, J., concur.