EMAS, J.
Kristy Naime appeals a final order denying her verified petition to relocate to Port St. Lucie with her minor child. We affirm the court’s order insofar as it denies the petition, but reverse and remand for the trial court to enter an amended order deleting the language imposing an impermissible geographical restriction on any future relocation by Mother.
Kristy Naime (“Mother”) and Jacinto Corzo III (“Father”) were married in 2002, Their minor child was born in 2006, In 2009 the Mother and Father separated, a petition for dissolution was filed, and the parties entered into a mediated settlement agreement in November 2010. This agreement was ratified by a final judgment of dissolution of marriage, rendered in Janu *297 ary 2011. The mediated settlement agreement and final judgment did not, by its terms, address relocation of the minor child.
In June 2013 Mother filed a verified petition seeking to relocate with the minor child from Miami-Dade County to Port St. Lucie, Florida. Father answered and objected to the proposed relocation. The trial court held a final hearing during which the parties testified and presented the testimony of six other witnesses. Thereafter, the trial court entered an order denying Mother’s petition. On appeal, Mother raises three issues; the first two contend that the trial court abused its discretion in denying the petition based on the evidence presented. Having reviewed the trial court’s order, and the record evidence upon which it was based, we find that the trial court properly considered and applied the requisite and applicable factors set forth in section 61.13001(7), Florida Statutes (2014), and articulated findings of fact that are supported by competent substantial evidence. We find no abuse of discretion in the trial court’s order denying the petition for relocation, and to hold otherwise would require us to substitute our judgment and findings for those of the trial court. See Young v. Hector, 740 So.2d 1153, 1159 (Fla. 3d DCA 1998) (quoting Reinhart v. Reinhart, 291 So.2d 103, 105 (Fla. 1st DCA 1974), which observed: “It may well be that were we permitted to hear the case de novo we might enter a different final judgment. However, such is not our prerogative.”)
However, we agree with Mother that the trial court erred in including the following language in its order: “The minor child shall not be permitted to relocate outside of Miami-Dade County, Florida.” Such prospective relief was not pled or sought by Father, nor was it tried by consent. It should not have been included in the order denying relocation.[1] See Scariti v. Sabillon, 16 So.3d 144 (Fla. 4th DCA 2009). Further, such a geographical restriction is contrary to the provisions of the relocation statute. See § 61.13001(l)(e), Fla. Stat. (2011) (defining the term “relocation” as a change of location that is at least 50 miles from the location of the principle residence of a parent at the time of the last order establishing or modifying time-sharing).
We reverse and remand in part for the trial court to enter an amended order deleting the prospective restriction which provides that the minor child shall not be permitted to relocate outside of Miami-Dade County, Florida. The order is in all other respects affirmed.
Affirmed in part, reversed in part and remanded with directions.
FERNANDEZ, J., concurs.

. Father did not address this issue in his answer brief, and properly conceded in oral argument that this provision should not have been included in the order denying relocation.